STATE EX REL. PERRY, Petitioner, v. WOLKE, Sheriff of Milwaukee County, Respondent.

*No. 75-464. Argued January 7, 1976.—Decided January 28, 1976.*
(Also reported in 237 N. W. 2d 678.)

For the petitioner there was a brief by *Robert J. Lerner* and *Lerner & Adelman* of Milwaukee, and oral argument by *Robert J. Lerner*.

For the respondent there was a brief by *E. Michael McCann*, district attorney of Milwaukee and *Lee Wells*, assistant district attorney, Milwaukee county, and oral argument by *Lee Wells*.

HEFFERNAN, J.   This is an original action for a writ of habeas corpus. The petitioner challenges the authority of a judicial court commissioner to conduct a preliminary examination and to order the petitioner held for trial. The position of judicial court commissioner was created by sec. 256.68, Stats., effective June 16, 1974. We conclude that the petitioner is correct in his assertion and that the power exercised in the instant case to bind the defendant over for trial on a felony charge was beyond the power granted to judicial court commissioners by the 1974 revision of the statutes.

It is agreed by the parties that, prior to the revision of the Code of Criminal Procedure (ch. 255 of the Laws of 1969), court commissioners were empowered to preside over preliminary examinations. See ch. 954, 1967 Stats. The Milwaukee district attorney, who contests the granting of petitioner's writ of habeas corpus, concedes that court commissioners are without authority to conduct preliminary examinations. The district attorney relies, however, upon sec. 256.68. That statute provides for the creation of a new judicial position, called judicial court commissioner, in counties having a population of 500,000 or more.

Sec. 256.68 (2), Stats., provides that judicial court commissioners "to the extent required for their duties, have the powers of a court commissioner." The statutes provide that judicial court commissioners may be assigned by the chairman of the county board of judges to various branches of the circuit and county courts to assist the judges in the performance of their judicial duties and to facilitate the work of the courts. Sec. 256.68 (3) provides that, when assigned to a children's court, the judicial court commissioner may, in addition to other specified duties, conduct "preliminary *appearances.*" (Emphasis supplied.) Sec. 256.68 (3) (b) itemizes with specificity seven categories of duties which may be performed upon direction of the presiding judge.

In addition, under sec. 256.68 (3) (c), Stats., the judicial court commissioner may determine "probable cause for further detention at the preliminary hearing to determine any mental condition" in respect to applications for mental examinations brought under ch. 51.

Sec. 256.68 (3) (b), Stats., also provides that, when a judicial court commissioner is assigned to the misdemeanor, traffic, or misdemeanor-traffic branches of the county court, he may conduct such hearings and proceedings as may be authorized by the judge of the

branch to which he is assigned. The judicial court commissioner is, by that same subsection of the statute, precluded from presiding over any "trial," except in respect to default judgments and stipulations.

It is argued by the district attorney that a judicial court commissioner has jurisdiction to conduct a preliminary hearing because the legislature gave the judicial court commissioner authority to conduct "any" hearings and proceedings which the presiding judge may direct, except a trial of a cause. The district attorney contends that, while the statute specifically excluded the judicial court commissioner's power to conduct a trial, it failed to exclude from the general grant of power to conduct hearings and proceedings the authority to conduct a probable-cause hearing.

Nowhere, however, is jurisdiction expressly conferred upon judicial court commissioners to conduct preliminary examinations to determine probable cause in felony cases. At the most, sec. 256.68, Stats., arguably and only by implication, confers some residual powers to a judicial court commissioner to conduct some hearings and proceedings when directed to do so by the judge of the branch to which he is assigned.

*Haight v. Lucia* (1874), 36 Wis. 355, 360, in discussing the powers of a court commissioner under then existing law, held that, in respect to criminal matters, the authority of court commissioners could not be predicated "upon mere inferences or implications, but must be expressly conferred by law, or it does not exist."

We are not inclined to apply that rule of law in this case with the same rigidity that was used by this court in 1874, for it is apparent that the legislative intent in the instant situation was to permit a judicial court commissioner to conduct some hearings as directed by the judge and not specified by the statutes. We refuse to construe sec. 256.68, Stats., as being insufficient to con-

fer authority upon a judicial court commissioner in addition to that specified merely because the exact nature of the hearings has not been particularized. Such interpretation would fly in the face of obvious legislative intent, which the rule in *Haight* was intended to further rather than to thwart.

Nevertheless, it is apparent that no specific authority is granted to a judicial court commissioner to hear or decide the question of probable cause in felony cases.

At oral argument it was stated that, under sec. 256.68 (3), Stats., a judicial court commissioner could "conduct preliminary *appearances.*" (Emphasis supplied.) The statute on its face indicates that this power is not identical with the power to conduct preliminary *examinations* in felony cases; and, moreover, the duty to conduct "preliminary appearances" is applicable only in proceedings brought under ch. 58, the children's code.

We also find unconvincing the district attorney's argument that, because there is a specific exclusion from the authority of a judicial court commissioner to preside over a trial, this leaves to him a residual power to preside over all other hearings and proceedings in the course of the criminal prosecution. We think that the statute is properly read to provide that a judicial court commissioner may, under the terms of sec. 256.68 (3) (b), preside over default judgments and stipulations and may perform the additional duties itemized in subsections 256.68 (3) (b) 1 to 7 but not trials.

The express power conferred upon a judicial court commissioner in respect to mental proceedings under ch. 51 is not applicable to the exercise of criminal jurisdiction.

Despite the fact that we find no provision in sec. 256.68, Stats., expressly conferring upon a court commissioner authority to conduct a preliminary hearing, we would conclude, were it not for other provisions of the

statutes, that, arguably at least, a residuum of power is, by implication left to a judicial court commissioner to conduct a preliminary examination for the purpose of determining probable cause.

Elsewhere in the statutes the possible implications of sec. 256.68, Stats., are refuted. The section of the statute which we consider controlling and dispositive of any ambiguity in sec. 256.68 is sec. 970.03 (1), which defines a preliminary examination. That statute states:

"A preliminary examination is a hearing before a *court* for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant." (Emphasis supplied.)

"Court" is defined by sec. 967.02 (7), Stats., as being either a county court or circuit court.

Sec. 967.02 (6), Stats., makes clear that "court" is not synonymous with "judge," for " 'Judge' means judge of a court of record."

These statutes indicate that the legislature saw fit not to grant authority for the conduct of a preliminary examination to judges, but only to courts.

Since sec. 970.03, Stats., deals specifically with preliminary examinations and limits the forum in which they must be held, it controls over any general statute or over any other specific statute which does not expressly encompass preliminary examinations within its ambit. *Schlosser v. Allis Chalmers Corp.* (1974), 65 Wis. 2d 153, 161, 222 N. W. 2d 156.

While, under sec. 967.02 (6), Stats., the term, "judge," includes, for some purposes, "court commissioner," a judge even of a court of record is not a court. *State v. Sorenson* (1893), 84 Wis. 27, 53 N. W. 1124; *Rubin v. State* (1927), 192 Wis. 1, 211 N. W. 926; *State ex rel. Maloney v. Proctor* (1946), 249 Wis. 377, 24 N. W. 2d 698; *State v. Friedl* (1951), 259 Wis. 110, 47 N. W. 2d 306;

*State ex rel. White v. District Court of Milwaukee County* (1952), 262 Wis. 139, 54 N. W. 2d 189; *State ex rel. Jackson v. Coffey* (1963), 18 Wis. 2d 529, 118 N. W. 2d 939; *State v. Koopman* (1967), 34 Wis. 2d 204, 148 N. W. 2d 671; *State v. Dickson* (1972), 53 Wis. 2d 532, 193 N. W. 2d 17; *State ex rel. Newspapers, Inc. v. Circuit Court for Milwaukee County* (1974), 65 Wis. 2d 66, 221 N. W. 2d 894.

The general distinction between a judge and a court is well stated in *Rubin v. State, supra,* page 7, and was followed in *State v. Dickson, supra.* In *Rubin,* this court said:

"The Judge and the Court are not identical. The Judge is a man. The Court is an institution. It requires something more than a Judge sitting on the bench to constitute a Court. It requires, in addition, the existence of conditions authorizing the exercise of the powers of a court. It requires the presence of that upon or over which the powers of a court may be exerted, namely, a controversy involving legal or human rights. It requires the presence of litigants, generally attorneys, usually officers, such as bailiff, clerk, etc., and frequently jurors. To constitute a court, some of these elements must concur with the presence of a presiding judge. It is this institution, as distinguished from the Judge, that merits and enjoys the respect of society."

A judicial court commissioner, hearing assigned matters, does not constitute a court, and the legislature, having in mind the uninterrupted uniform interpretation of the word, "court," which reaches back in our history for well over a hundred years, could not have intended, without expressly saying so, to include a judicial court commissioner under the general rubric of "court."

We accordingly conclude that the statutes do not authorize a judicial court commissioner to conduct a preliminary examination in a felony case.

We are not unmindful, however, of the persuasive argument of the Milwaukee district attorney's office that

sound judicial administration is promoted by the policy of having judicial court commissioners handle preliminary examinations. The district attorney of Milwaukee county asserts, and it is not disputed, that 20 to 40 preliminary examinations are handled in Milwaukee county each day. Nor do we disagree with the district attorney's assertion that the allocation of the power to conduct preliminary examinations to judicial court commissioners would facilitate the work of the courts.

The executive committee of the judges of Milwaukee county has unanimously endorsed the desirability of such use of judicial court commissioners. That policy, even if desirable, cannot be implemented by this court, for the question is one of statutory authority, which can be conferred only by the legislature. In our view, the legislature has, by express language, limited the exercise of the power to hold preliminary examinations only to courts and not to judges or commissioners.

We find, however, no constitutional impediment to a legislative grant of this power to court commissioners, whether or not denominated as "judicial." This question was presented to this court almost one hundred years ago in the case of *Faust v. State* (1878), 45 Wis. 273, wherein it was argued that the constitution did not permit the granting of the power to hold preliminary examinations to court commissioners despite an express legislative enactment. The court stated:

"There is, however, another fact which is conclusive of the right to confer that power both upon the judges and the court commissioners. It will be found that the general statutes of Wisconsin passed in 1838, long before the adoption of our state constitution, conferred this power upon the judges of the courts of record in the territory, to be exercised both in term time and in vacation. This power of arrest and examination of offenders by process issued by the judges of the courts of record in vacation, was a known power, conferred upon and exercised by the judges of the courts of record at the

time of the adoption of the constitution of this state; and as the constitution of the state does not expressly take from the legislature the right to continue this power, it may, undoubtedly, confer it; and if it can be conferred upon the judges, then, under sec. 23, art. VII of the constitution, it can be conferred upon court commissioners." (P. 276)

It is indisputable that it is within the power of the legislature to confer authority upon both judges and court commissioners to conduct preliminary examinations and to make findings of probable cause. The failure of the present statutes to do so apparently stems from a conscious decision made by the Criminal Rules Committee of the Judicial Council, which authored ch. 255 of the Laws of 1969, the chapter which divested court commissioners of the power to hold preliminary examinations. That committee in its report stated:

"All criminal proceedings are to be held in courts before judges except that court commissioners may still issue warrants and admit defendants to bail at initial appearances." (P. 603, Laws of 1969)

We take judicial notice that legislation has been introduced to accomplish the administrative purposes urged by the Milwaukee district attorney's office. The bill would do what we believe is necessary, if it is considered desirable by the legislature, to permit a court commissioner to exercise jurisdiction in a preliminary examination (although it does not authorize judges to do so). It provides:

"A preliminary examination is a hearing before a court *or court commissioner* . . . ." (*See:* 1975 Senate Bill 713, December 18, 1975.)

Since we conclude that the writ of habeas corpus should issue in respect to the petitioner Perry, and because we conclude that, from the time of the inception of the use of judicial court commissioners for the holding

of preliminary examinations, they have acted in excess of their powers, it is necessary to determine whether this ruling be given any retroactive effect.

The district attorney informed the court at oral argument that more than 200 preliminary examinations have been conducted before judicial court commissioners since the practice commenced on June 16, 1974.

We conclude that, while the mandate of this case applies to Perry and the writ shall be issued, it shall not be otherwise effective until after the date of the mandate herein.

While the deficiency we find herein is not of constitutional proportions, but involves only the question of statutorily conferred authority, we believe those criteria which have been applied in respect to the retroactivity of new constitutional rules of criminal procedure are appropriate.

In *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, we relied upon the United States Supreme Court's pronouncement in *Stovall v. Denno* (1967), 388 U. S. 293, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199. Therein, the Supreme Court established three criteria to determine whether newly stated requirements affecting a criminal prosecution shall be retroactively applied:

"(1) The purpose to be served by the new standard; (2) the extent of the reliance by law enforcement authorities and by the state on the old standards; and (3) the effect on the administration of justice of a retroactive application of the new standard." *Johnson v. Cady,* p. 555.

As we have stated, there is some arguable justification for the Milwaukee district attorney's reliance upon the statutory implications that a judicial court commissioner was not precluded from conducting a preliminary hearing in a felony case. This is particularly true in light of

the law prior to 1970, which clearly conferred such power upon court commissioners. It is also apparent that to void hundreds of arraignments and to set aside the jurisdiction which had been assumed by criminal courts in those felony cases would place a substantial burden upon the courts of justice and the penal institutions of the state. It would adversely affect the administration of justice.

Irrespective, however, of those reasons which militate against retroactivity, we are obliged to follow the mandates of the United States Supreme Court and to require the full retroactivity of new pronouncements of law where the prior practice " 'substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials.' " *Adams v. Illinois* (1972), 405 U. S. 278, 280, 92 Sup. Ct. 916, 31 L. Ed. 2d 202, relying upon *Williams v. United States* (1971), 401 U. S. 646, 91 Sup. Ct. 1148, 28 L. Ed. 2d 388.

The rule was also stated in *Johnson v. New Jersey* (1966), 384 U. S. 719, 727, 728, 86 Sup. Ct. 1772, 16 L. Ed. 2d 882, where it was concluded that retroactivity is required where "the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' "

The procedures utilized by the Milwaukee district attorney's office were the consequence of an unauthorized exercise of power. Because of the tentative nature of findings at a preliminary examination, the factual integrity of the trial is not impaired by the procedure used. Felons are convicted as a result of an appearance before a court with jurisdiction to dispose of a case and are not found guilty in a preliminary examination.

Nothing in the history of the practice of using judicial court commissioners in Milwaukee county " 'raises serious questions about the accuracy of guilty verdicts in

past trials.' " *Adams, supra,* p. 280. This is particularly true in light of the discussion of the nature of preliminary hearings in *Adams.* In *Adams,* the United States Supreme Court determined that a preliminary hearing was a critical stage in the criminal process and, accordingly, a defendant is entitled to have counsel. Despite the fact that *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799, and the cases that followed, held that the right to counsel *at trial* was a requirement that must be made fully retroactive, the court in *Adams* held that, because of the nature of a preliminary hearing, retroactivity was not required even where prior practices had denied the constitutional right of counsel. It based its conclusion on the grounds that the denial of even an important constitutional right at a preliminary hearing did not affect the fact-finding process at trial.

We conclude that the integrity of subsequent criminal trials has not been impaired by the procedure used in Milwaukee county. In light of the impact that the retroactive application this opinion would have upon law enforcement and the administration of justice, the mandate of this case, although applying to Perry, is of prospective application only. Accordingly, the findings of judicial court commissioner Michael Sullivan are set aside, and in the event that the district attorney of Milwaukee county concludes that the prosecution should proceed, a preliminary examination must be held before a court prior to arraignment.

While the issuance of this writ sets aside the jurisdiction of the court to try the defendant on the felony charge, it leaves intact whatever jurisdiction may have been established by the issuance of a complaint, the arrest of the defendant, and the initial appearance.

*By the Court.*—Let the writ issue in accordance with this opinion.