UNITED PACIFIC INSURANCE COMPANY,
Plaintiff-Appellant,

v.

METROPOLITAN SEWERAGE COMMISSION OF the COUNTY OF
MILWAUKEE, et al., Defendants-Respondents.†

Court of Appeals

*No. 82–1516. Submitted on briefs June 1, 1983.—*
*Decided July 11, 1983.*
(Also reported in 338 N.W.2d 298.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.,* with *Stephen T. Jacobs* and *Anne Willis Reed* of counsel, of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Axel, Aaron & Goldman,* with *Gordon K. Aaron* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J.   In the interests of justice pursuant to sec. 752.35, Stats., because we believe that justice has miscarried, we reverse the judgment of the circuit court and remand this case to the circuit court with directions to its chief judge to assign this case and circuit court Case No. 419–641 to the same trial judge for further proceedings to obviate the prospect of conflicting rulings in these parallel cases which would have the effect of frustrating an orderly and effective resolution of the issues in both cases.

Soon this litigation will enter its second decade. It involves events that have occurred as much as a decade and a half ago. Involved is the recovery of damages incurred in the performance of a sewer construction contract and resulting from "changed conditions" below ground that allegedly impeded the sewer tunnel construction.[1]

United Pacific Insurance Company (United) brings this action as the claimed surety subrogee of Grange Construction, Inc. (Grange). Grange had defaulted upon the contract and United, as surety, paid for the completion of the contract. Grange also defaulted on certain obligations to the estate of a prior shareholder, James J. Malloy. The estate obtained judgments against Grange, and Martin E. Love was appointed supplementary receiver (receiver) for Grange.

In 1974, litigation was commenced by United in the federal district court. It was subsequently dismissed. We

---

[1] For similar types of cases, *See Metropolitan Sewerage Comm'n v. R.W. Constr.,* 72 Wis. 2d 365, 241 N.W.2d 371 (1976) ; 78 Wis. 2d 451, 255 N.W.2d 293 (1977) ; *Fattore Co. v. Metropolitan Sewerage Comm'n* 454 F.2d 537 (7th Cir. 1971) ; *cert denied* 406 U.S. 921 (1972).

make no further reference to that litigation because it is not necessarily relevant to these proceedings.

Also in 1974, the receiver commenced Milwaukee Circuit Court Case No. 419–641 against the Metropolitan Sewerage Commission of Milwaukee County (commission). In 1975, United commenced Milwaukee Circuit Court Case No. 435–067 against the commission. Neither plaintiff named the other as a party. The circuit court cases were consolidated by stipulation before Judge O'CONNELL. Subsequently, the receiver's action was amended to add United as a defendant.

The trial court then, on its own motion, severed the previously ordered consolidation *for the purposes of trial* and ordered the "changed conditions" claim of Case No. 435–067 tried first. More than a year later, the trial court dismissed the complaint in No. 435–067 for failure to join the receiver as a necessary and indispensable party although the competing claims of the receiver and United were before the court in Case No. 419–641. United promptly requested permission to amend its complaint to add the receiver as a party. The motion was denied. The trial court stated that in dismissing the action it was not intended that the commencement of another action be precluded. That comment by the trial court would have justified summary reversal of its refusal to permit an amendment to the complaint if that case were before us.

United immediately commenced circuit court Case No. 484–112 against the commission and the receiver in which United sought the damages claimed by the receiver and United against the commission and asserted its priority over the receiver. Before Judge JENNARO, the receiver moved to dismiss upon the grounds of another action pending (sec. 802.06(2)(j), Stats.) and alternatively for dismissal upon grounds of *res judicata* and collateral estoppel. Subsequent to the making of these motions,

United petitioned Judge O'CONNELL to permit its intervention in Case No. 419–641. The petition was denied because this case (484–112) was pending.

In 1981 Judge JENNARO denied the motion to dismiss upon the ground of another action pending, correctly concluding that the termination of No. 435–067 was without prejudice to the reassertion of its claims in Case No. 484–112 and, thus, that there was not "another action pending between the same parties for the same cause."

In May of 1982, Judge O'CONNELL in Case No. 419–641 overruled the commission's demurrers to the complaint and amended complaint and executed an order that stated United was present in that action "as a dismissed-out plaintiff in this totally consolidated case and is in no way a missing indispensable party."

The receiver again moved for reconsideration of Judge JENNARO's decision (the first motion had been denied) and he, faced with a finding of Judge O'CONNELL that expressly contradicted Judge JENNARO's interpretation of the termination of Case No. 435–067, deferred to Judge O'CONNELL, modified his original decision and dismissed Case No. 484–112 because of another action pending.

We determine that Judge O'CONNELL's order dismissing Case No. 435–067 without prejudice to commencement of this action (484–112) was a complete termination of No. 435–067 and that Judge JENNARO, in the first instance, properly denied the dismissal for another action pending. We vacate the judgment of dismissal, reinstate the action and remand the case to the trial court with directions to reinstate Judge JENNARO's order denying the motion to dismiss.

We take these actions because Case No. 435–067 cannot have remained a viable case when it was terminated

without permission to replead. Thus, there was no identity of parties and claims. *See Lorenz v. Dreske,* 62 Wis. 2d 273, 293–94, 214 N.W.2d 753, 763 (1974). We also conclude that justice miscarried when Case No. 484–112 was dismissed and that the interests of justice require us to reverse the judgment of the trial court to the end that this case may be consolidated with Case No. 419–641 and proceed to trial.

Our authority under sec. 752.35, Stats., "is exercised with 'some reluctance and with great caution' and only in the event of a probable miscarriage of justice." *See Nadolinski v. State,* 46 Wis. 2d 259, 270, 174 N.W.2d 483, 488 (1970); *Commodore v. State,* 33 Wis. 2d 373, 383, 147 N.W.2d 283, 288 (1967).

We are certain that justice miscarried because the dismissal of Case No. 484–112 combined with the earlier events in Case Nos. 419–641 and 435–067, whereby the consolidation of these cases was severed and one was dismissed without opportunity to replead, effectively denied United a forum in which to prosecute its claims against the commission and the receiver. The effect of these actions has been to frustrate judicial economy and results in complexity and multiplicity rather than simplicity and the termination of vexing litigation.

Section 752.35, Stats., authorizes us, in the event we determine justice has miscarried, to reverse the judgment appealed from, remit to the trial court and direct the adoption of such procedures in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

Article VII, Sec. 5(3) of the Wisconsin Constitution and secs. 752.01 and 752.02, Stats., provide that the court of appeals has supervisory authority over all actions and proceedings in all courts except the supreme court. This

grant of authority enables this court to intervene in an action pending in an inferior court in appropriate circumstances where necessary to protect the legal rights of a litigant when the ordinary processes of action are inadequate to meet the situation.[2]

Section 805.05(1) and (2) authorizes the consolidation of cases for trial, whether or not they are pending in separate courts or branches of the same court and, if necessary, the ordering of separate trials of discrete claims. The theme and authority of this statute is convenience, expedition, economy, elimination of unnecessary costs or delay and avoidance of prejudice.

We conclude that the conduct of this litigation and the decentralized judicial administration of these cases has contributed to unnecessary cost and delay. In the past,[3] we have expressed our concern at the inordinately slow progress toward trial of these cases. At that time, we noted that the chief judge of the circuit court for the First Administrative District has authority (sec. 757.645 (2), Stats.), to transfer cases so as to expedite the business of that court. We also noted that it appeared that none of the parties had requested the chief judge to invoke that authority. The same circumstance seems to exist three and one-half years later.

For these reasons, we now act in the exercise of our constitutional and statutory powers. We order Chief Judge Victor Manian to reassign Case Nos. 419–641 and

[2] *See Wickhem, The Power of Superintending Control of the Wisconsin Supreme Court,* 1941 Wis. L. Rev. 153–71, for a discussion of the supreme court's superintending authority. *See also State ex rel. Reynolds v. County Court,* 11 Wis. 2d 560, 564–65, 105 N.W.2d 876, 878–79 (1960), in which the supreme court referred to the court's superintending authority in the context of the exercise of control over the course of litigation in lower courts under appropriate circumstances.

[3] Case No. 79–1367–W, (Wis. Ct. App., Nov. 7, 1979).

484–112 to the same circuit judge. In selecting the assigned judge, we direct Chief Judge Manian to give consideration to the need for selecting a judge who can reasonably be expected to try these cases. This will assure continuity of supervision and assure the uninterrupted progress of the cases.

We direct the judge to whom these cases are assigned to aggressively and inexorably institute pretrial scheduling and conference procedures to the end that these complex cases proceed toward trial with reasonable dispatch.

The clerk is directed to forward a copy of this opinion to Chief Judge Manian.

*By the Court.*—Judgment reversed and remanded with directions.