STATE of Wisconsin, Plaintiff-Appellant,

v.

Wayne J. TRONGEAU, Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Mark S. SOBON, Defendant-Respondent.

Court of Appeals

*Nos. 86–0833–CR, 86–0834–CR. Submitted on briefs September 29, 1986.—Decided November 5, 1986.*

(Also reported in 400 N.W.2d 12.)

For the plaintiff-appellant the cause was submitted on the briefs of *Susan T. Remkus*, assistant district attorney of Kenosha.

For the defendant-respondent Mark S. Sobon, the cause was submitted on the brief of *Martin I. Hanson* and *Michael J. Fitzgerald* of *Hanson, Casiorkiewicz & Becker, S.C.* of Racine.

189

For the defendant-respondent Wayne Trongeau, the cause was submitted on the brief of *Jon G. Mason* of *Plous, Plous & Mason* of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. The state of Wisconsin appeals the circuit court orders declining to review the correctness of previous judicial court commissioner's orders dismissing criminal complaints in these cases. The circuit court concluded it was without jurisdiction to review such orders. We reverse the circuit court and remand for purposes of the review proceedings requested by the state.[1]

Trongeau and Sobon (Trongeau) each were charged as party to a crime of unlawful entry into a locked room in violation of secs. 943.15(1) and 939.05, Stats., and as party to a crime of misconduct in public office contrary to secs. 946.12(2) and 939.05, Stats. At the initial appearance before Court Commissioner George Easton, Trongeau challenged the sufficiency of the complaints as to the entry into a locked room charge. Commissioner Easton concluded that the allegations of the complaints as to that charge were insufficient and ordered the counts dismissed. Because the misconduct in office charge was premised upon the unlawful entry charge, the misconduct in office counts were also dismissed.

Following Commissioner Easton's orders, the state filed motions in the circuit court seeking review of the orders. The circuit court concluded that it was without

---

[1] The state also appeals the court commissioner's orders on the merits and asks us to reach this issue only if we conclude that the circuit court's jurisdictional rulings were correct. Since we reverse the circuit court's jurisdictional rulings, we do not reach the merits of the court commissioner's rulings.

jurisdiction to conduct the review proceedings requested by the state.

We begin by noting that the issue here is not whether a court commissioner is empowered to dismiss a criminal proceeding under the powers conferred by sec. 757.69(1), Stats. The parties do not raise this issue and we assume, without deciding, that a court commissioner has such authority for purposes of this appeal.

Rather, the specific issue upon appeal is whether such an order of a court commissioner constitutes a final order within the meaning of sec. 808.03(1), Stats., so as to empower the court of appeals to review the order. We conclude that the court commissioner's order is not a final order within the meaning of the statute.

Section 808.03(1), Stats., provides:

> A final judgment or a final order of a *circuit court* may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) or a disposition recorded in docket entries in traffic regulation cases and municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding. [Emphasis added.]

The interpretation of a statute presents a question of law. *State v. Barnes*, 127 Wis. 2d 34, 37, 377 N.W.2d 624, 625 (Ct. App. 1985). As to such question, we owe no deference to the conclusion of the trial court. *Id.* When the language of the statute is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms. *Thomas v. Iowa Nat'l Mut. Ins.*

*Co.*, 132 Wis. 2d 18, 22, 390 N.W.2d 572, 574 (Ct. App. 1986). We must examine the language of the statute itself to determine whether well-informed persons would have become confused so as to find the statute ambiguous. *Id.* at 22–23, 390 N.W.2d at 574.

We conclude that sec. 808.03(1), Stats., is unambiguous in its language that an order of the circuit court is required before such an order may be appealed as a matter of right to the court of appeals.

This conclusion is reinforced by reference to other provisions of the criminal code. Section 967.02(7), Stats., provides: " 'Court' means the circuit court unless otherwise indicated."

Section 808.03(1), Stats., refers only to a circuit court and contains no other language suggesting that an order of any entity other than a circuit court is contemplated.

Although dealing with the distinction between a "court" and a "judge," the language of our supreme court in *State ex rel. Perry v. Wolke*, 71 Wis. 2d 100, 106, 237 N.W.2d 678, 681 (1976), is instructive:

> A judicial court commissioner, hearing assigned matters, *does not constitute a court*, and the legislature, having in mind the uninterrupted uniform interpretation of the word, "court," which reaches back in our history for well over a hundred years, could not have intended, without expressly saying so, to include a judicial court commissioner under the general rubric of "court." [Emphasis added.]

When the legislature enacts a statute, it is presumed to act with full knowledge of the existing laws, including statutes. *County of Dane v. Racine County*, 118 Wis. 2d 494, 499, 347 N.W.2d 622, 625 (Ct. App.

1984). The statutory and case law definition of a "court" had been part of our jurisprudence long before sec. 808.03(1), Stats., and its reference to a "circuit court" was enacted. *See* ch. 187, Laws of 1977. If the legislature had wished to include the orders of a court commissioner as those eligible for appeal under sec. 808.03(1), it clearly had the opportunity to do so when enacting the legislation. It obviously chose otherwise.

Trongeau argues that the circuit court has, in effect, delegated its authority to the court commissioner in cases such as this. We do not dispute this contention. Such delegation, however, does not render the ensuing court commissioner's order eligible for direct review by this court under sec. 808.03(1), Stats. Something more must obviously occur to render the order a circuit court order within the meaning of the statute. Professor Sutherland, in his Treatise on Statutory Construction, observes:

> As with all kinds of communication, there are emanations of meaning of a statute that may go beyond its primary application. To the extent that courts are able to perceive and implement such secondary meanings, they extend the scope of a statute's operation to include implied consequences. [Footnote omitted.]

2A N. Singer, Sutherland Statutory Construction § 55.02 (rev. 4th ed. 1984).

■

The statutes do not expressly confer review authority upon a circuit court from the orders of a court commissioner. However, sec. 808.03(1), Stats., by its clear and unambiguous mandate that an order reviewed by the court of appeals must be "a final order of a circuit

court" carries an implied meaning that such review authority in the circuit court must necessarily exist.

In the course of its ruling, the circuit court observed that the court commissioner statutes were not intended to create another level of appellate practice. We respectfully disagree. In many instances, an "appellate role" of the circuit court has been expressly provided. *See, e.g.*, secs. 757.69(1)(g) and 48.065(4), Stats. By implication, the legislature has done the same by virtue of the language it selected when enacting sec. 808.03(1), Stats.

Therefore, we reverse the orders of the circuit court and remand for purposes of the review proceedings requested by the state.

*By the Court.*—Orders reversed and cause remanded.