165 Wis.2d 703 (1992)
478 N.W.2d 385
IN the MATTER OF the MENTAL CONDITION OF C.M.B.: DANE COUNTY, Appellant,
v.
C.M.B., Respondent-Petitioner.
No.90-0083.
Supreme Court of Wisconsin.
Argued October 3, 1991.
Decided January 15, 1992.
*705 For the respondent-petitioner there were briefs and oral argument by Kenneth P. Casey, assistant state public defender.
For the appellant there was a brief and oral argument by Galen G. Strebe, Dane County Corporation Counsel, Madison.
WILLIAM A. BABLITCH, J.
C.M.B., a woman who was the subject of an involuntary commitment proceeding, seeks review of an unpublished decision of the court of appeals. The issue is whether a judicial court commissioner's order dismissing an involuntary commitment proceeding for lack of probable cause is directly reviewable by the circuit court or the court of appeals. If the order is directly reviewable by the circuit court, the question we must address is what type of review must be afforded. We conclude that an order or judgment of the circuit court is required for an appeal to the court of appeals in an involuntary commitment proceeding. Because the order appealed to the court of appeals must be an order or judgment of the circuit court, and because a court commissioner's order is not the equivalent of an order or judgment of a circuit court, the necessary implication of the controlling statute is that the order appealed to the court of appeals must come from the circuit court. We further conclude that the circuit court must, prior to signing the order, review that order by a hearing de novo in the circuit court. Accordingly, we modify the decision of the court of appeals and, as modified, affirm.
*706 The relevant facts are not in dispute. C.M.B. was detained on an emergency basis by Dane County authorities pursuant to sec. 51.15, Stats., of the Mental Health Act. A probable cause hearing on the emergency detention was held on December 23, 1989, by circuit court commissioner, Start Schwartz. The facts of that hearing are immaterial to this appeal.
On December 14, 1989, Commissioner Schwartz entered a written order dismissing the action for lack of probable cause to believe that C.M.B. was dangerous to herself. The order directed that C.M.B. be released from custody.
On December 27, 1989, the Dane County assistant corporation counsel filed with the Dane County Circuit Court a notice of intent to pursue post-conviction relief and a notice and petition for review. C.M.B. filed a motion to dismiss the petition for review.
The circuit court granted C.M.B.'s dismissal motion concluding that it had no jurisdiction to review a court commissioner's order, and, consequently adopted the court commissioner's order as its own, without reviewing it on the merits. The county filed an appeal from the circuit court's final order and the court commissioner's order. The court of appeals remanded to the circuit court for a de novo review on the record. We granted C.M.B.'s petition for review.
We first address whether an order of a court commissioner dismissing an involuntary commitment case for lack of probable cause is directly reviewable by the court of appeals. We begin our analysis by nothing that a judicial court commissioner is expressly empowered under sec. 757.69(1)(h), Stats., to conduct probable cause hearings under the Mental Health Act. The question presented is whether the order that Results from that hearing is directly reviewable by the court of appeals. *707 51.20(15) on its face does not require a final order or judgment from a circuit court prior to an appeal to the court of appeals. However, we do not agree that sec. 51.20(15) requires that appeals from civil commitment hearings be taken directly to the court of appeals.
Statutes regarding appellate jurisdiction generally are found in ch. 808, Stats. Section 808.03(1) provides that " [a] final judgment or a final order of a circuit court may be appealed . . . to the court of appeals unless otherwise expressly provided by law." As noted above, the court of appeals in this case determined that, consistent with its holding in Trongeau, sec. 808.03(1) is unambiguous in its language that a final order of the circuit court is required before an appeal may be taken to the court of appeals. Thus, the court of appeals concluded that an order of a judicial court commissioner is not directly appealable to the court of appeals because it is not a final order or judgment of the circuit court. We agree that an order of a court commissioner is not the equivalent of a final order or judgment of a circuit court. As this court noted in State ex rel. Perry v. Wolke, 71 Wis. 2d 100, 106, 237 N.W.2d 678, 681 (1976):
A judicial court commissioner, hearing assigned matters, does not constitute a court, and the legislature, having in mind the uninterrupted uniform interpretation of the word, court which reaches back in our history for well over a hundred years, could not have intended, without expressly saying so, to include a judicial court commissioner under the general rubric of court. (Emphasis added.)
[2, 3]
Thus, the basic premise from which we begin is that a court commissioner's order is not the equivalent of a final order or judgment of the circuit court. We turn next to the controlling statute. The pertinent portion of sec. *708 51.20(15) on its face does not require a final order or judgment from a circuit court prior to an appeal to the court of appeals. However, we do not agree that sec. 51.20(15) requires that appeals from civil commitment hearings be taken directly to the court of appeals.
Statutes regarding appellate jurisdiction generally are found in ch. 808, Stats. Section 808.03(1) provides that "[a] final judgment or a final order of a circuit court may be appealed ... to the court of appeals unless otherwise expressly provided by law." As noted above, the court of appeals in this case determined that, consistent with its holding in Trongeau, sec. 808.03(1) is unambiguous in its language that a final order of the circuit court is required before an appeal may be taken to the court of appeals. Thus, the court of appeals concluded that an order of a judicial court commissioner is not directly appealable to the court of appeals because it is not a final order or judgment of the circuit court. We agree that an order of a court commissioner is not the equivalent of a final order or judgment of a circuit court. As this court noted in State ex rel. Perry v. Wolke, 71 Wis. 2d 100, 106, 237 N.W.2d 678, 681 (1976):
A judicial court commissioner, hearing assigned matters, does not constitute a court, and the legislature, having in mind the uninterrupted uniform interpretation of the word, `court,' which reaches back in our history for well over a hundred years, could not have intended, without expressly saying so, to include a judicial court commissioner under the general rubric of `court.' (Emphasis added.)
[2, 3]
Thus, the basic premise from which we begin is that a court commissioner's order is not the equivalent of a final order or judgment of the circuit court. We turn next to the controlling statute. The pertinent portion of sec. *709 51.20(15), Stats., reads "[a]n appeal may be taken to the court of appeals ...." The key to construing this section for purposes of this appeal lies in the definition of the word "appeal." "Appeal" is expressly defined under sec. 809.01(1) to mean "a review in an appellate court by appeal or writ of error authorized by law of a judgment or order of a circuit court. (Emphasis added.) Thus, an appeal by definition can only be from a judgment or order of a circuit court. Since a court commissioner's order is not the equivalent of an order or judgment of the circuit court, and since the order appealed from must come from the circuit court, we conclude that the court commissioner's order cannot be appealed directly to the court of appeals but must first go to the circuit court. That conclusion is an implicit requirement of sec. 51.20(15).
Having determined that the order of the court commissioner must go first to the circuit court because a judgment or order of a circuit court is required for an appeal to the court of appeals under sec. 51.20(15), Stats., we now turn to the question of circuit court review of that order. We must determine whether review on the merits is required by the circuit court of an order by a court commissioner dismissing an involuntary commitment case for lack of probable cause under the Mental Health Act. C.M.B. argues that if the order must come from the circuit court, the circuit court must adopt without review on the merits the court commissioner's order, as the circuit court did in this case, thereby assuring the right to an appeal before the court of appeals. C.M.B. reasons that this is the proper disposition of such orders because a circuit court cannot review de novo on the record matters decided by a court commissioner under the Act because no Wisconsin statute *710 expressly authorizes such an exercise of appellate review by circuit courts. We disagree.
Article VII, section 8 of the Wisconsin Constitution expressly provides that any appellate jurisdiction of a circuit court must be specifically granted by statute.[1] No specific grant of authority is found under the Wisconsin statutes for appellate jurisdiction for the circuit court over matters decided by a court commissioner under sec. 51.20, Stats. Therefore, we agree with C.M.B that no such appellate jurisdiction exits. But appellate jurisdiction is not the issue here. The authority of a circuit court to review its commissioner's order is the issue. Although statutes do not expressly confer appellate review authority upon a circuit court from the orders of a court commissioner, the fact "that an order reviewed by the court of appeals must be `a final order of a circuit court' carries an implied meaning that [some] review authority in the circuit court must necessarily exist." Trongeau, 135 Wis. 2d at 193-194.
[4]
As noted earlier, C.M.B. argues that a circuit court should adopt the court commissioner's order without any review on the merits. We disagree. Like the court of appeals, we too think that "review" means something more than was done by the circuit court in this case. We are also not persuaded by C.M.B.'s argument that allowing any type of review on the merits at the circuit court creates another level of review contrary to the *711 intent of the legislature in enacting the 1977 constitutional amendment that provided for substantial court reorganization. In fact, we believe that the policies behind the court reorganization support the conclusion that a review on the merits of a court commissioner's decision must take place at the circuit court.
In 1977, a constitutional amendment to the Wisconsin Constitution restructured the Wisconsin court system. That amendment allowed for the creation of an intermediate court of appeals and eliminated the distinction between county and circuit courts. The court of appeals was to review appeals from the unified trial court system (i.e., circuit courts), and circuit courts were generally stripped of their appellate jurisdiction. Specifically, the language of Article VII, section 8 of the Wisconsin Constitution regarding circuit court appellate jurisdiction was changed from "appellate jurisdiction from all inferior courts and tribunals and a supervisory control over the same" to "such appellate jurisdiction in the circuit court as the legislature may prescribe by law."
As research into the legislative history of the amendment reveals, one of the main purposes for the reform was to provide a more flexible structure so as to provide more efficient judicial administration. See Legislative Council of Wisconsin, Report to the 1973 Legislature On Court Reorganization, at 2 (1973). At that time the role of court commissioners was also reevaluated in an effort to aid the goal of a more efficient court system. The idea was that in delegating more duties to court commissioner the circuit courts' case burdens would be reduced by diverting cases out of the judicial system. See Recommendations of Citizens Study Committee on Judicial Organization in Regard to Court Commissioners, at 216 (1973).
*712 [5, 6]
While sec. 757.69(1)(h), Stats., permits a court commissioner to hear petitions for commitment and conduct probable cause hearings under sec. 51.20 as an aid to the circuit courts, nowhere is this procedure made mandatory nor is there a forfeiture of circuit courts' original jurisdiction under 753.03. In fact, the statutes expressly require the chief judge to appoint and supervise court commissioners. Section 757.68(1)(a). Furthermore, the statutes indicate that a circuit court judge has the discretion to delegate authority to court commissioners allowing them to preside over hearings. Section 757.69(1).[2] It is logical that a circuit court judge who delegates authority to a court commissioner retains original jurisdiction to review the commissioner's orders which are made pursuant to the delegated authority. If this were not the case, efficiency could be jeopardized because circuit court judges might be less inclined to delegate their authority to court commissioners knowing that in doing so they have stripped themselves of power over matters of which they have original jurisdiction. Therefore, allowing, as C.M.B. asks, what is essentially a direct review to the court of appeals could potentially thwart one of the purposes of the court reorganizationincreased efficiency of the court system.
[7]
Furthermore, an additional purpose of the court reorganization, increasing output and reducing the workload of appellate courts, see Legislative Council of Wisconsin, Report to the 1973 Legislature On Court Reorganization, *713 at 2 (1973), also would be potentially hindered by allowing circuit courts to merely adopt, without review, court commissioners' orders. Under C.M.B.'s reasoning, court commissioners' orders would go directly to the court of appeals, without review, thereby possibly overloading the appellate courts and slowing down their output of work. For the reasons set forth above, we conclude that review on the merits is required at the circuit court.
[8]
Having concluded that review on the merits is required at the circuit court, we turn now to the issue of what type of review is required by the circuit court of an order by a court commissioner dismissing an involuntary commitment case for lack of probable cause. Dane County argues that a de novo review on the record is appropriate. We disagree, and hold that a new hearing (i.e. a hearing de novoat the circuit court is the appropriate review of a court commissioner's order dismissing an involuntary commitment case for lack of probable cause under the Mental Health Act. A hearing de novo is consistent with the review utilized in other areas where court commissioners are used. For example, in actions affecting the family, the circuit courts are statutorily empowered with jurisdiction over all such matters. Section 767.01, Stats. Under sec. 767.13(5), the circuit court judge may delegate authority to a family court commissioner to preside over "any hearing held to determine whether a judgment of divorce shall be granted." Section 767.13(5). However, upon the motion of any party, any decision of the family court commissioner shall be reviewed by the circuit court judge assigned to the case and shall include a new hearing on the subject of the decision. Section 767.13(6).
*714 Additionally, in juvenile matters under Wisconsin statutes ch. 48, sec. 757.69(1)(g), Stats., expressly provides for certification to the circuit court "upon a motion of any party for a hearing de novo." This option is reiterated in the Children's Code under sec. 48.065(4). There appears to be nothing which significantly distinguishes these types of actions from those under the Mental Health Act, such that would indicate that a de novo review of the record is more appropriate under the Mental Health Act.
This conclusion is also consistent with other provisions of sec. 51.20, Stats. Section 51.20(16) provides that generally any patient who has been involuntarily committed for treatment under the Mental Health Act may request a reexamination or request that the court modify or cancel an order of commitment. As mentioned earlier, a court commissioner may, under the authority of sec. 757.69(1)(h), hear petitions for commitment. Clearly, the involuntarily committed patient may seek reexamination by the circuit court. The only other interested party is the one attempting to involuntarily commit the patient. Original jurisdiction by a circuit court to conduct a hearing de novo of an order of a court commissioner finding no probable cause is therefore consistent with the procedures allowed the patient.
Furthermore, we conclude that a hearing de novo is more appropriate than a de novo review of the record because of the possible problems associated with establishing a record before a court commissioner. At oral arguments, neither party could conclusively state that records are kept before judicial court commissioners in mental health cases in all counties in Wisconsin[3] Additionally, *715 members of this court have noted the lack of formality of proceedings before court commissioners. See Forsythe v. Family Court Com'r, 131 Wis. 2d 322, 330, 338 N.W.2d 580 (1986) (Ceci, J., concurring). The informality of proceedings, and potential lack of a record in cases before a court commissioner support our conclusion that a hearing de novo is the proper disposition of a court commissioner's order dismissing an involuntary commitment case for lack of probable cause.
While this appeal was pending, a subsequent petition to commit C.M.B. was brought by the Dane County authorities and the court of appeals reversed the lower court's dismissal of the petition and remanded for further proceedings under sec. 51.20, Stats. See Dane County v. C.M.B., No. 90-2383, unpublished slip op. (Wis. Ct. App. April 25, 1991). Given the subsequent proceeding, both parties agreed at oral argument that this case is moot and dismissal is appropriate. We agree. However, because the issue is likely to arise again and should be resolved to avoid uncertainty, we nevertheless decided the issue raised in this appeal. See Protective Placement of D.E.R, 155 Wis. 2d 240, 455 N.W.2d 239 (1990). For the reasons set forth above we modify and, as modified, affirm the decision of the court of appeals and remand the case to the circuit court for dismissal.
By the Court.The decision of the court of appeals is modified and, as modified, affirmed.
*716 SHIRLEY S. ABRAHAMSON, J. (concurring).
I join the opinion. I write once again to call for a study of the use of court commissioners in this state.
In many counties the judicial system could not function without the expert and able work of the court commissioners. Court commissioners handle many of the same important matters that circuit judges handle.
Court commissioners are not judges. They are not elected. They are paid less than judges. They are often given even less office and hearing room space than judges. They are not subject to all the provisions of the Code of Judicial Ethics or to judicial education requirements. They are not included in the Judicial Conference. Complaints against court commissioners relating to misconduct are not investigated by the Judicial Commission. The failure of commissioners to record their proceedings is a recurring problem for litigants and the administration of justice. See Wisconsin Equal Justice Task Force, Formal Report, Report Summary, at 23, 25. The State Bar of Wisconsin has filed a petition with this court to include full-time court commissioners among judicial members of the State Bar.
Circuit court judges and supreme court justices have, on several occasions, questioned whether the proliferation of court commissioners and the increase of their powers have in effect recreated under different names a two-level court system, previously called circuit courts and county courts, that was abolished in the 1978 court reorganization. On October 31, 1990, the court issued an order increasing the powers of court commissioners. Justice Callow dissented from adoption of a part of the order "before a study is conducted on the use of court commissioners in the circuit courts." Although I voted to adopt the order, I agree with Justice Callow, as I have written previously, that a study of the use of court *717 commissioners should be conducted. The court has not begun a study. Perhaps the Judicial Council or Legislative Council should.
NOTES
[1] Article VII, section 8 of the Wisconsin Constitution provides:

Except as otherwise provided by law, circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit court as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction.
[2] Section 757.69(1), Stats., provides in pertinent part:

On authority delegated by a judge, which may be by a standard order, and with the approval of the chief judge of the judicial administrative district, a court commissioner appointed under s. 48.065, 757.68, 757.72 or 767.13 may: ....
[3] The question of whether sec. 51.20(5), Stats., requires that chapter 51 court commissioner proceedings be reported, as opposed to only proceedings in courts of record, is not before us. However, in light of counsel's responses at oral argument that they knew of no authority requiring a record, we have serious doubts that records are in fact kept in all cases. Thus, in this opinion we express concern for the potential lack of a record in court commissioner proceedings.