IN RE the COMMITMENT OF LOUISE M.:

MILWAUKEE COUNTY, Petitioner-Respondent,†

v.

LOUISE M., Respondent-Appellant.

IN RE the COMMITMENT OF THEODORE S.:

MILWAUKEE COUNTY, Petitioner-Respondent,†

v.

THEODORE S., Respondent-Appellant.

Court of Appeals

*Nos. 95–0291–FT, 95–0292–FT. Submitted on briefs July 5, 1995.—Decided August 1, 1995.*

(Also reported in 538 N.W.2d 550.)

†Petition to review granted.

On behalf of the respondents-appellants, the cause was submitted on the briefs of *Karen Kotecki* of the *Legal Aid Society of Milwaukee*, of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Mark A. Grady* of the *Office of Corporation Counsel* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J.   This is a consolidated appeal from non-final orders by the trial court declining to undertake *de novo* review of a determination by a court commissioner that there was probable cause to detain

involuntarily Louise M. and Theodore S. under the civil-commitment criteria set out in § 51.15(1), STATS.[1]

[1] Section 51.15(1), STATS., provides:

**Emergency detention.** (1) BASIS FOR DETENTION. (a) A law enforcement officer or other person authorized to take a child into custody under ch. 48 may take an individual into custody if the officer or person has cause to believe that such individual is mentally ill, drug dependent or developmentally disabled, and that the individual evidences any of the following:

1. A substantial probability of physical harm to himself or herself as manifested by evidence of recent threats of or attempts at suicide or serious bodily harm.

2. A substantial probability of physical harm to other persons as manifested by evidence of recent homicidal or other violent behavior on his or her part, or by evidence that others are placed in reasonable fear of violent behavior and serious physical harm to them, as evidenced by a recent overt act, attempt or threat to do serious physical harm on his or her part.

3. A substantial probability of physical impairment or injury to himself or herself due to impaired judgment, as manifested by evidence of a recent act or omission. The probability of physical impairment or injury is not substantial under this subdivision if reasonable provision for the individual's protection is available in the community and there is a reasonable probability that the individual will avail himself or herself of these services or, in the case of a minor, if the individual is appropriate for services or placement under s. 48.13 (4) or (11). Food, shelter or other care provided to an individual who is substantially incapable of obtaining the care for himself or herself, by any person other than a treatment facility, does not constitute reasonable provision for the individual's protection available in the community under this subdivision.

4. Behavior manifested by a recent act or omission that, due to mental illness or drug dependency, he or she is unable to satisfy basic needs for nourishment, medical care, shelter or safety without prompt and adequate treatment so that a substantial probability exists that death, serious physical injury, serious physical debilitation or serious physical disease will imminently ensue unless the individual receives prompt and adequate treatment for this mental illness or drug dependency. No substantial probability of harm under this subdivision exists if reasonable provision for the individual's treatment and protection is available in the community and there is a reasonable probability that the individual will

203

We reverse.

Probable-cause hearings for both Louise M. and Theodore S. were held under § 51.20(7), STATS., which provides, *inter alia*, that if a person "is detained under s. 51.15 . . . the court shall hold a hearing to determine whether there is probable cause to believe the allegations" in support of detention. Court commissioners are empowered by statute to hold this type of probable-cause hearing *in lieu* of the circuit court. *See* § 757.69(1)(h), STATS.[2] After the trial court denied *de*

avail himself or herself of these services, if the individual can receive protective placement under s. 55.06 or, in the case of a minor, if the individual is appropriate for services or placement under s. 48.13 (4) or (11). The individual's status as a minor does not automatically establish a substantial probability of death, serious physical injury, serious physical debilitation or serious disease under this subdivision. Food, shelter or other care provided to an individual who is substantially incapable of providing the care for himself or herself, by any person other than a treatment facility, does not constitute reasonable provision for the individual's treatment or protection available in the community under this subdivision.

(b)  The officer's or person's belief shall be based on any of the following:

1.  A specific recent overt act or attempt or threat to act or omission by the individual which is observed by the officer or person.

2.  A specific recent overt act or attempt or threat to act or omission by the individual which is reliably reported to the officer or person by any other person, including any probation and parole agent authorized by the department to exercise control and supervision over a probationer or parolee.

[2] Section 757.69(1)(h), STATS., provides:

**Powers and duties of court commissioners.**  (1) On authority delegated by a judge, which may be by a standard order, and with the approval of the chief judge of the judicial administrative district, a court commissioner appointed under s. 48.065, 757.68, 757.72 or 767.13 may:

*novo* review, both Louise M. and Theodore S. sought jury trials, as is permitted by § 51.20(11), STATS. The petitions for involuntary commitment of both Louise M. and Theodore S. were subsequently dismissed. Louise M. was held under her involuntary-detention order for seventeen days; Theodore S. was held under his involuntary-detention order for nineteen days.

The question of whether there must be *de novo* review in the circuit court of a court commissioner's finding of probable cause under § 51.20(7), STATS., is a question of law that we review *de novo. See Trustees of Ind. Univ. v. Town of Rhine*, 170 Wis. 2d 293, 298-299, 488 N.W.2d 128, 130 (Ct. App. 1992). Neither Louise M. nor Theodore S. are now in custody. Thus, whether there was probable cause to hold them in involuntary detention is moot. Nevertheless, we consider their appeal because this case presents an important issue that is likely to recur. *See State ex rel. La Crosse Tribune v. Circuit Ct.*, 115 Wis. 2d 220, 229, 340 N.W.2d 460, 464 (1983).

We do not write on a clean slate. *Dane County v. C.M.B.*, 165 Wis. 2d 703, 478 N.W.2d 385 (1992), held that review of a court commissioner's determination under § 51.20(7), STATS., that there was no probable cause to detain a person involuntarily was reviewable in the first instance by the circuit court and that the review must be *de novo. Id.*, 165 Wis. 2d at 705, 478 N.W.2d at 385. *C.M.B.*'s rationale was clear: First, § 51.20(15), STATS., provides that appeals in civil-commitment matters "may be taken to the court of

. . . .
(h) Hear petitions for commitment and conduct probable cause hearings under ss. 51.20 . . . .

appeals." *See id.*, 165 Wis. 2d at 707, 478 N.W.2d at 386. Second, § 808.03(1), STATS., provides that a "final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise provided by law." *See id.*, 165 Wis. 2d at 708, 478 N.W.2d at 386. Third, § 808.03(1) does not authorize appeals to the court of appeals from an order of a court commissioner because "an order of a court commissioner is not the equivalent of a final order or judgment of a circuit court." *Ibid.* Fourth, § 51.20(15), STATS., does not modify the necessity that the order appealed from be that of a circuit court because the word "appeal" "is expressly defined under sec. 809.01(1) to mean 'a review in an appellate court by appeal or writ of error authorized by law *of a judgment or order of a circuit court.*' " *Id.*, 165 Wis. 2d at 708–709, 478 N.W.2d at 386–387. (Emphasis by *C.M.B.*)

> Thus, an appeal by definition can only be from a judgment or order of a circuit court. Since a court commissioner's order is not the equivalent of an order or judgment of the circuit court, and since the order appealed from must come from the circuit court, we conclude that the court commissioner's order cannot be appealed directly to the court of appeals but must first go to the circuit court.

*Id.*, 165 Wis. 2d at 709, 478 N.W.2d at 387. *C.M.B.* thus held that the circuit court was empowered to review determinations made under § 51.20(7) by the court commissioner and that such review was to be *de novo*. *Id.*, 165 Wis. 2d at 709–713, 478 N.W.2d at 387–389.

The trial court here declined to review the proba-ble-cause determinations by the court commissioner because, in the trial court's view, *C.M.B.* was limited to those instances where the court commissioner found

that there was no probable cause. We disagree and see no principled distinction between the two situations.

■

Section 51.20(15), STATS., authorizes appeals to the court of appeals. There is nothing in the provision limiting this right of appeal to those situations where the court commissioner has found no probable cause; indeed, given the liberty interest of those who are potential subjects of civil-commitment, *Zinermon v. Burch*, 494 U.S. 113, 131 (1990) ("there is a substantial liberty interest in avoiding confinement in a mental hospital"), we are constrained not to construe the applicable statutes to foreclose appellate review of orders continuing confinement. Under *C.M.B.*, the court of appeals may not review directly an order of a court commissioner. Thus, intermediate review by the circuit court is required. Section 808.03(2), STATS., specifically permits appeals from non-final orders when that is appropriate.[3] Thus, it is a distinction without a difference that *C.M.B.* concerned an appeal from a final order and this case concerns an appeal from a non-final order. Accordingly, the orders of the trial court declining to exercise *de novo* review of the probable-cause determinations by the court commissioner are reversed.

---

[3] Section 808.03(2), STATS., provides:

APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

(b) Protect the petitioner from substantial or irreparable injury; or

(c) Clarify an issue of general importance in the administration of justice.

Under our supervisory authority over the circuit courts, *see* WIS. CONST. art. VII, § 5(3); § 752.02, STATS.; *United Pac. Ins. Co. v. Metropolitan Sewerage Comm'n,* 114 Wis. 2d 258, 263–264, 338 N.W.2d 298, 300–301 (Ct. App. 1983), we adopt for *de novo* review by the circuit court the time limits established in § 51.20(7)(a), STATS.: absent extraordinary circumstances, the *de novo*-review hearing must, if requested by either party, be held within seventy-two hours after the order of the court commissioner from which such review is sought.[4]

*By the Court.*—Orders reversed.

SULLIVAN, J. (*dissenting*). Is a court commissioner's probable cause finding for an emergency detention hearing,[1] based upon the criteria set forth in § 51.15(1), STATS., reviewable by the circuit court when the underlying petitions for involuntary commitment were dismissed with prejudice?

The majority concludes that such review exists. It is axiomatic, however, that a right of review is the creature of statute. I conclude that Article VII, Section 8, of the Wisconsin Constitution does not authorize, nor do the Wisconsin statutes provide for, such a review.

---

[4] We understand that this will place a burden on the circuit courts, and that this is a burden that § 757.69(1)(h), STATS., was designed to eliminate. Nevertheless, for the reasons expressed in this opinion, we believe that the result here is compelled by *C.M.B.* We trust that attorneys for both the county and those subjected to emergency detention will seek *de novo* review only when the attorney believes in good faith that the court commissioner's determination was in error.

[1] *See* § 51.20(7)(c), STATS.

Further, such review may not be reasonably implied from § 51.20, STATS.

The majority relies in part upon *Dane County v. C.M.B.,* 165 Wis. 2d 703, 478 N.W.2d 385 (1992), in reaching its conclusion. *See* majority op. at 205–07. *C.M.B.* is distinguishable, and inapplicable, because in *C.M.B.,* the court commissioner entered a final order dismissing the action for want of probable cause. *C.M.B.,* 165 Wis. 2d at 706, 478 N.W.2d at 385-86.

With judicial resources in this state stretched nearly to the breaking point, I am dismayed by the majority's creation of such a review out of the miasma of "our supervisory authority over the circuit courts." *See* majority op. at 208. Equally perplexing to me are Louise M. and Theodore S.'s suggestions in their reply brief that the circuit court should conduct another probable cause hearing, and that we should direct the circuit court to adopt a new rule to that effect in all cases of this type. We should affirm the order of the trial court granting the County's motion to dismiss the requests of Louise M. and Theodore S. for a *de novo* hearing on the commissioner's probable cause finding and order.

For these reasons, I must respectfully dissent.