STATE EX REL. WHITE, Appellant, vs. DISTRICT COURT OF MILWAUKEE COUNTY and another, Respondents.*

*June 3—June 20, 1952.*

* Motion for rehearing denied, without costs, on September 16, 1952.

142

For the appellant there were briefs by *Porter, McIntyre, Johnson & Cutler,* attorneys, and *James D. Porter* and *James N. Johnson* of counsel, all of Milwaukee, and oral argument by *Mr. Porter* and *Mr. Johnson.*

For the respondents there was a brief by the *Attorney General* and *William J. McCauley,* district attorney of Mil-

waukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

CURRIE, J. The question presented on this appeal is whether a criminal court had jurisdiction over relator by reason of the issuance of a warrant and the setting of a date for preliminary hearing at the time the juvenile court assumed jurisdiction and entered its judgment of December 6, 1951.

Under the provision of the statutes hereinafter quoted, criminal courts and the juvenile court are given concurrent jurisdiction over "children between the ages of sixteen and eighteen who have committed a crime." In a case in which two courts are given concurrent jurisdiction over a particular subject matter, and one of such courts has assumed jurisdiction, it is reversible error for the other to also assume jurisdiction. *Kusick v. Kusick* (1943), 243 Wis. 135, 9 N. W. (2d) 607; and *Cawker v. Dreutzer* (1928), 197 Wis. 98, 129, 221 N. W. 401. Therefore, if the prior proceedings before the district judge did constitute an assumption of jurisdiction by a criminal court, it was a reversible error for the juvenile court to thereafter assume jurisdiction and enter its judgment of December 6, 1951, committing relator to the state department of public welfare. On the other hand, if the proceedings before the district judge did not constitute a proceeding in a criminal court, the juvenile court would then have been the first court to assume jurisdiction and the judgment of December 6, 1951, would be a bar to any further proceedings by the respondents district judge or district court.

The portions of the pertinent statutes applicable to the point in issue are:

(1) Sec. 48.01 (1) (c) "The words 'delinquent child' shall mean any child under the age of eighteen years who has violated any law of the state or any county, city, town, or

village ordinance; or who by reason of being wayward or habitually disobedient, is uncontrolled by his parent, guardian, or custodian; or who is habitually truant from school or home; or who habitually so deports himself as to injure or endanger the morals or health of himself or others; . . ."

(2) Sec. 48.01 (5) (am) ". . . In all cases of delinquent children over sixteen years of age, the criminal courts shall have concurrent jurisdiction with the juvenile court, . . ."

(3) Sec. 48.07 (3) "No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in section 48.11. . . ."

Sec. 48.11, Stats., referred to in sec. 48.07 (3), *supra*, contains no exception applicable to the present case. Therefore, if it was not reversible error for the juvenile court to have entered its order of December 6, 1951, adjudging relator a delinquent child by reason of having committed the identical crime of which he was charged in the warrant issued by the respondent district judge, such judgment of the juvenile court would, under the provisions of sec. 48.07 (3), bar further criminal proceedings before the respondent district judge. Counsel for relator contend that even though such judgment of the juvenile court might have been erroneously entered, it, nevertheless, would bar any further criminal proceedings until directly attacked and reversed on appeal; but we find it unnecessary to determine such latter point in order to arrive at our decision herein.

The district court of Milwaukee county has jurisdiction to hear, try, and determine charges of violations of ordinances of the city of Milwaukee, misdemeanors committed in Milwaukee county, and felonies committed within the county which are punishable by not more than one year's

imprisonment or a fine of not more than $1,000, or both. The municipal court of Milwaukee county is the only court which possesses the general criminal jurisdiction to hear, try, and determine the offense for which the relator was charged in the warrant issued by the district judge because the minimum punishment therefor is three years' imprisonment. However, sec. 5 of the District Court Act for Milwaukee county, confers the following authority and jurisdiction upon the district judge with respect to such offenses:

". . . authority and jurisdiction to issue warrants for the apprehension of persons charged with the commission of offenses in said county of Milwaukee, and not triable before a justice of the peace of said county; and exclusive jurisdiction to examine said alleged offenders and commit or hold them to bail, the same as a justice of the peace might otherwise do. . . ." (Wis. Anno. (1950), p. 1796.)

Counsel for the respondents contend that because the foregoing quoted portion of sec. 5 of the District Court Act is preceded by the words "said court" (referring to the district court), the authority to issue warrants, hold preliminary examinations, and to commit or hold offenders to bail, is vested in the district court, rather than the district judge acting as a magistrate. However, sec. 6 of the District Court Act makes it clear that said authority is vested in the judge, rather than the court, the pertinent provision of sec. 6 being as follows:

"No justice of the peace, court commissioner, police justice, or other committing magistrate in said county of Milwaukee, shall exercise any jurisdiction in any criminal cases, except as hereinafter provided, but all such jurisdiction is vested in said district judge; . . ." (Wis. Anno. (1950), p. 1796.)

The functions of issuing warrants, conducting preliminary examinations or adjourning them, and committing or holding to bail are functions only conferred upon and exercised by certain persons or officers known to the law and designated

by statute in Wisconsin as "magistrates." Secs. 354.01 and 354.05, Stats.

When the legislature provided in sec. 48.01 (5) (am), Stats., that "the criminal courts shall have concurrent jurisdiction with the juvenile court" in all cases of delinquent children over sixteen years of age, did its use of the term *"criminal courts"* have reference to a court exercising criminal jurisdiction over the offender as a court, to the exclusion of a situation in which a judge of a criminal court functions as a magistrate? Considerable light in answering this question is provided by the following language used in sec. 48.07 (1) (d):

"In any case involving a male minor between eighteen and twenty-one years of age *where the criminal court shall have waived jurisdiction* in favor of the juvenile court as provided in paragraph (a) of subsection (5) of section 48.01 the court may place such minor on probation, as provided in this section, until twenty-five years of age or commit him to such institution and for such term as he might have been committed to by the criminal court."

An examining magistrate, such as the district judge in the instant case, has no power to sentence an offender charged with an offense triable in the municipal court for a term, or place him on probation. Therefore, the use of the term "criminal courts" in sec. 48.07 (1) (d), Stats., had reference to a court functioning as a court, and not to the judge thereof functioning as a magistrate. We do not believe that the legislature intended to use the term "criminal courts" in sec. 48.07 (1) (d) as not including a judge functioning as a magistrate, and to have used the same words in sec. 48.01 (5) (am) as including a judge functioning as a magistrate. The conclusion would seem to be inescapable that the legislature's intended meaning of the term "criminal courts" as used throughout ch. 48, Stats., was consistent, and that the term does not include a situation of a judge,

court commissioner, or justice of the peace, functioning as a magistrate.

This conclusion is further fortified by the fact that sec. 48.01 (5) (am), Stats., provides that in a case of certain sex offenses committed by a male minor child between eighteen and twenty-one years of age, the *"criminal court having jurisdiction thereof"* may in a proper case waive jurisdiction in favor of the juvenile court. We doubt very much if the legislature intended to vest such a discretion in a justice of the peace, or a court commissioner, who had issued the warrant or was conducting the preliminary examination of such a sex offender, which would be the case if it included magistrates.

*State v. Friedl* (1951), 259 Wis. 110, 112, 47 N. W. (2d) 306, is directly in point. In that case the state appealed from an order of HERMAN W. SACHTJEN, circuit judge, at the conclusion of a preliminary examination of the defendants, who were charged with having committed two misdemeanors and two felonies, by which order the criminal complaints against the defendants were dismissed. The order was in the form of an order of the court, having been entered "By the Court, HERMAN W. SACHTJEN, Judge." The state requested and was granted permission to appeal, and defendants moved to dismiss the appeal on the ground that an order entered by a magistrate is not an order of the court, and therefore not appealable. This court in its decision stated (p. 112) :

"The question here presented is whether Judge SACHTJEN was acting as a court or as a magistrate.

"Ch. 354, Stats., provides the procedure for the arrest and examination of persons charged with crime. Sec. 354.01 authorizes certain officials, including judges of courts of record, to issue criminal process and designates all such as magistrates. Sec. 354.02 (5) provides in part:

" '. . . It [the warrant] shall command that the defendant be arrested and brought before the magistrate.'

"Sec. 354.04, Stats., requires that every person arrested upon a warrant shall be taken before the magistrate before whom it is returnable.

"There can be no doubt that in issuing the warrant Judge SACHTJEN was functioning as a magistrate. The nature of the proceedings and not the form of the order must determine his capacity in entering it.

" 'Proceedings for the arrest and examination of offenders and commitment for trial, under ch. 195, R. S. [now ch. 354], are not, technically or properly speaking, proceedings in any court. They are proceedings before certain officers, known to the law as magistrates, for the purpose of carrying out the provisions of this chapter; and these are "the judges of the several courts of record, in vacation as well as in term time, court commissioners, and all justices of the peace," who are authorized to issue process to carry it into execution. R. S. sec. 4775.' *State v. Sorenson* (1893), 84 Wis. 27, 31, 53 N. W. 1124.

" 'But a proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry, as before indicated, for the purpose of determining whether an offense has been committed and there is a probability that the accused is guilty thereof and should be placed on trial therefor. No plea or issue is necessary. . . . The doctrine of *res adjudicata* does not apply so that the result of one inquiry will preclude another. It is a proceeding that was unknown to the common law,—a mere statutory creation, a personal privilege which the accused must be accorded unless he waives it.' *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 239, 85 N. W. 1046."

The relator has never been and is not now before the district court or the district judge in connection with any charge which either of them has jurisdiction to hear, try, and determine; because the offense with which he is charged is one punishable by imprisonment for not less than three years. The municipal court of Milwaukee county is the only court which possesses the criminal jurisdiction to hear, try, and determine such offenses. In *State ex rel. Wojtycski v. Han-*

*ley* (1945), 248 Wis. 108, 113, 20 N. W. (2d) 719, this court held:

"Jurisdiction to try an offender for a crime of which the court has jurisdiction is obtained by his appearance in court, and by pleading guilty or not guilty, jurisdiction of his person is conferred on the court."

In the case at bar a preliminary hearing has not been held or waived; therefore, an information cannot be presented. Sec. 355.18, Stats. If an information cannot yet be presented, the general jurisdiction of the municipal court has not attached to the offense with which the relator is charged.

Therefore, no criminal court had as yet assumed jurisdiction over relator at the time the juvenile court issued its judgment of December 6, 1951, adjudging relator a delinquent child because of his having committed the crime charged in the warrant issued by the district judge, and committing him to the state department of public welfare. Such judgment under the provisions of sec. 48.07 (3), Stats., is a bar to any further criminal proceedings against relator for the same offense.

*By the Court.*—Order reversed and cause remanded with directions to issue the writ of mandamus and prohibition prayed for in relator's petition.

FRITZ, C. J., dissents.

FAIRCHILD, J., took no part.