In the INTEREST OF VAIRIN M., a person Under the Age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

VAIRIN M., Respondent-Appellant.

Supreme Court

*No. 01–0656. Oral argument April 30, 2002.—Decided July 10, 2002.*

2002 WI 96

(Also reported in 647 N.W.2d 208.)

For the respondent-appellant there were briefs (in the court of appeals) by *Michael Yovovich,* assistant state public defender, and *Janice Balistreri,* deputy first assistant state public defender, and oral argument by *Michael Yovovich.*

For the petitioner-respondent there was a brief (in the court of appeals) by *Lana J. Mades,* assistant district attorney, and oral argument by *Joely Urdan,* assistant attorney general.

¶ 1. DAVID T. PROSSER, J. This case is before the court on certification by the court of appeals, pursuant to Wis. Stat. § (Rule) 809.61 (1999–2000).[1] It is an appeal of a non-final order of the Circuit Court for Dane County, Diane M. Nicks, Judge. We restate the issue certified by the court of appeals as follows: "May a court with juvenile jurisdiction reconsider its order waiving a juvenile into adult court after the state has filed charges against the juvenile in adult court?" This question requires us to interpret Wis. Stat. § 938.18, the statute governing waiver into criminal court.

¶ 2. In this case, the juvenile court waived a juvenile into adult criminal court. After a criminal complaint had been filed, after the juvenile had made an initial appearance in criminal court, and after the juvenile had waived a preliminary examination, the juvenile filed a motion asking the juvenile court to reconsider its waiver order. The juvenile court determined that Wis. Stat. § 938.18(6) gives the criminal court "exclusive jurisdiction" after a waiver. As a result, the juvenile court did not have jurisdiction over the matter and did not have authority to grant the motion for reconsideration. Therefore, the court denied the motion.

¶ 3. The juvenile appealed, and the court of appeals certified the case to this court. We hold that a juvenile court has jurisdiction to reconsider its waiver order or to stay its waiver order pending appeal only

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 statutes unless otherwise indicated.

until the filing of a complaint in criminal court. After the filing of a criminal complaint, the juvenile court loses jurisdiction and the criminal court has exclusive jurisdiction.

¶ 4. In this case, criminal proceedings were commenced before the motion for reconsideration was filed. The criminal court assumed exclusive jurisdiction, and the juvenile court lost jurisdiction to reconsider its waiver order. The juvenile court's subsequent determination that it could not reconsider its waiver order was correct. Accordingly, we affirm the decision of the circuit court (juvenile court).

¶ 5. Because of our answer to the restated question, we are presented with a second question: Is there some means by which a juvenile may seek prompt review of an order waiving him or her into criminal court after the criminal court has assumed exclusive jurisdiction over the case?

¶ 6. We conclude that a juvenile seeking prompt review of a waiver order, after the criminal court has assumed jurisdiction, has two options. First, the juvenile may bring a timely interlocutory appeal under Wis. Stat. § 809.50 and may move the court of appeals or the criminal court to stay the criminal proceedings pending appeal.

¶ 7. Second, if the juvenile has compelling new grounds bearing on waiver, he or she may file a motion with the criminal court asking the court to relinquish its jurisdiction by transferring the matter to juvenile court. As grounds for the motion, the juvenile must allege a new factor that:

> (1) was not in existence at the time of the waiver decision or, if it was in existence, was unknowingly overlooked by all parties;

(2) is highly relevant to the criteria for waiver under Wis. Stat. § 938.18(5); and

(3) likely would have affected the juvenile court's determination that it would be contrary to the best interests of the juvenile or of the public for the juvenile court to hear the case.

¶ 8. After reviewing the motion, the criminal court may, in its discretion, conduct a hearing. If the court finds good cause, it may relinquish jurisdiction by transferring jurisdiction to the juvenile court. The juvenile may then file a motion for reconsideration with the juvenile court, which will have regained exclusive jurisdiction to entertain the motion.

## I. BACKGROUND

¶ 9. Vairin M. (Vairin), then 15 years old, was the subject of two juvenile delinquency petitions filed by the state, one on November 17, 2000, and the other on December 7, 2000. The November 17 petition (00–JV-1140) alleged that Vairin had committed four delinquent acts.[2] The December 7 petition (00–JV-1198) alleged that Vairin had committed three additional delinquent acts.[3] The State petitioned for waiver into adult criminal court for both cases. The juvenile court, Judge Nicks presiding, held a waiver hearing on December 18 and 20.

---

[2] Petition 00–JV-1140 alleged that Vairin had violated Wis. Stat. § 943.10(1)(a), burglary; Wis. Stat. § 943.03, arson of property other than a building; Wis. Stat. §§ 939.32 and 943.02(1)(a), attempted arson of buildings; and Wis. Stat. §§ 943.01(2) and 939.05, damage to property as party to the crime.

[3] Petition 00–JV-1198 alleged that Vairin had twice violated Wis. Stat. § 943.10(1)(a), burglary, and also violated Wis. Stat. § 943.23(2), operating vehicle without owner's consent.

¶ 10. On December 21, the court signed an order waiving Vairin into adult criminal court in both cases. Vairin filed with the juvenile court a motion for stay pending appeal, and the juvenile court scheduled a January 31, 2001 hearing to decide the motion.

¶ 11. The state filed criminal charges against Vairin shortly after he was waived into adult court.[4] The young defendant made his initial appearance on December 26, 2000, and waived a preliminary hearing on January 3, 2001. On the same day, Vairin's counsel filed a motion for reconsideration of the waiver,[5] on grounds that, at the waiver hearing: (1) the court had heard "misleading" evidence regarding the possibility of a sixteen-year-old convicted as an adult being placed in Ethan Allen School; (2) the court had improperly limited Vairin's cross-examination of three witnesses; and (3) the court had improperly limited Vairin's questioning of a witness regarding Vairin's relationship with his father.

¶ 12. On January 23, 2001, Vairin's counsel asserted in a letter to the juvenile court that the attempted arson count against Vairin should have been charged as arson. Counsel further asserted that if the charge against Vairin were for arson, Vairin might qualify for the serious juvenile offender (SJO) program, pursuant to Wis. Stat. § 938.538.

---

[4] It is not clear from the record exactly when criminal charges were filed against Vairin, but the parties agree that they were filed shortly after the juvenile court entered the waiver order, and before Vairin filed his motion for reconsideration.

[5] Vairin's counsel clarified that Vairin was not pursuing an appeal of the court's waiver decision, but would instead seek reconsideration of the order. The motion was heard on January 31, 2001, at the time originally scheduled for the hearing on the motion for a stay pending appeal.

¶ 13. On January 31, 2001, the juvenile court held a hearing on the motion to reconsider. At the hearing, defense counsel presented as a witness another attorney with the State Public Defender's office, who testified about the possibility of Vairin being deported if he were convicted in adult criminal court of the crimes with which he had been charged. The witness further opined that if Vairin were not deported, he might be considered "stateless" by the Immigration and Naturalization Service because he was not a citizen of the United States[6] and could not prove he was a citizen of Thailand or Laos.[7] Therefore, according to the witness, Vairin could be held "for indeterminate amounts of time in the immigration detention facilities." According to the witness, a finding that a person is "stateless" could "in essence . . . be a life sentence."

¶ 14. Vairin's defense counsel asked the court to amend the juvenile delinquency petition so that it would allege arson rather than attempted arson. Defense counsel asserted that the court had the authority to amend the petition, pursuant to Wis. Stat. § 938.263. She also asserted that Vairin would be willing to plead guilty or no contest to arson and to agree to the serious juvenile offender program, affording the juvenile court five years of jurisdiction. *See* Wis. Stat. § 938.538.

¶ 15. The State urged the court to deny Vairin's motion for reconsideration. It asserted that Wis. Stat. § 938.263 does not give the court authority to amend a petition without approval of the District Attorney's Office. It further claimed that the possibility of depor-

---

[6] Vairin allegedly had a green card and alien status.

[7] Vairin was allegedly born in a refugee camp in Thailand and had no papers indicating Laotian citizenship.

tation is not a criterion for consideration in a waiver petition and could not be considered by the court.

¶ 16. Before deciding the motion, the juvenile court expressed concerns over its decision to waive Vairin into adult court. It explained that at the waiver hearing, it initially understood the charge against Vairin to be for arson, and it believed Vairin would be subject to the SJO law, giving the juvenile court jurisdiction for five years. The court realized near the end of the waiver hearing that Vairin had been charged with attempted arson and would not be subject to the SJO law. At the hearing on the motion for reconsideration, the court stated that arson "wasn't the charge before me [at the waiver hearing] and the court was not, therefore, able to consider serious juvenile offender status and the . . . variety of doors that that would open in weighing whether or not a waiver . . . was in the public's best interests or [Vairin's] interest. It just was not available to me."[8]

¶ 17. The juvenile court also noted that the issue of potential deportation would have been relevant to its waiver decision. It ordered briefing on two issues.[9] The court stated that while it had "an interest in all of the grounds that have been brought before me for reconsideration," it had a "genuine question of whether or not I have jurisdiction to take any action in this matter" because a crime had "been charged and the criminal court has criminal jurisdiction." The court noted that in virtually every other situation, a court could reconsider

[8] The juvenile court further noted that it believed the facts of the case supported a charge of arson.

[9] The juvenile court also heard and denied a motion to dismiss other charges against Vairin, which were based on allegations of crimes committed in Iowa.

its decision, but "[I]f I don't have jurisdiction, it makes no difference what else I would find or would do—my hands are tied." It further stated that:

> [I]f I do not have jurisdiction at this point, it may be that jurisdiction could be conveyed back to me. . . . I just want to emphasize the importance of the difference between the statute that was before me, the charge that was before me and a charge that carries the expanded supervision, treatment and incarceration as well, all three for a much more extended period.

¶ 18. The court also ordered briefing on the issue of "the court's discretion to amend the charge itself." It noted that "I've probably indicated here that if . . . that motion had been made when the court was certain it had jurisdiction and the court were certain it had that authority, I would have amended the petition and I would examine this case with the serious juvenile offender status in mind."

¶ 19. On February 21, 2001, two months after it waived Vairin into adult court, the juvenile court denied Vairin's motion for reconsideration in an oral decision.[10] The court stated, "After again reviewing the briefs and the cases cited by the counsel, I have concluded that I do not have jurisdiction to reopen this matter. I believe that the language in Sec. 938.18(6), most specifically, the statutory provision that the court of criminal jurisdiction thereafter has exclusive jurisdiction, compels me to conclude that after the waiver order was entered I lost subject matter jurisdiction."

¶ 20. Vairin appealed, and court of appeals certified the case to this court.

---

[10] The court issued a written decision denying the motion on March 23, 2001.

## II. ANALYSIS

### A. Wisconsin Stat. § 938.18

¶ 21. The certified question in this case is whether a juvenile court, which has determined that hearing the case would be contrary to the best interests of the public or' the juvenile and which has entered an order waiving the juvenile into criminal court, retains jurisdiction to reconsider its waiver order. At issue is subsection (6) of Wis. Stat. § 938.18, which provides in part that after the court has made its determination, "the court shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate proceedings in the court of criminal jurisdiction, and the court of criminal jurisdiction thereafter has exclusive jurisdiction." Wis. Stat. § 938.18(6).

¶ 22. Statutory interpretation presents a question of law that we review de novo, *Teague v. Bad River Band of the Lake Superior Tribe of Chippewa Indians,* 2000 WI 79, ¶ 17, 236 Wis. 2d 384, 612 N.W.2d 709. Our goal in interpreting a statute is to discern and give effect to the intent of the legislature. *County of Jefferson v. Renz,* 231 Wis. 2d 293, 301, 603 N.W.2d 541 (1999). In interpreting a statute, we look first at the statute's plain language to determine if it clearly and unambiguously sets forth the legislative intent. *State v. Setagord,* 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997).

¶ 23. Wisconsin Stat. § 938.18 governs waiver of juveniles into adult criminal court. Subsection (1) of Wis. Stat. § 938.18 provides that a juvenile may be waived if the juvenile is "alleged to have violated any

state criminal law" on or after the juvenile's 15th birthday. Wis. Stat. § 938.18(1)(a)3.[11]

¶ 24. Waiver may be sought by the juvenile, a district attorney, or in some circumstances, a juvenile judge. Wis. Stat. § 938.18(1)(a) and (b). To initiate a waiver proceeding, the party seeking waiver must file a petition alleging delinquency and stating the facts in support of waiver. Wis. Stat. § 938.18(2). The court may authorize an agency to prepare a report, and the court may rely on the report in determining waiver. Wis. Stat. § 938.18(2m).

¶ 25. The juvenile is entitled to a waiver hearing to the court. Wis. Stat. § 938.18(3)(c). At the waiver hearing, "[t]he juvenile shall be represented by counsel." Wis. Stat. § 938.18(3)(a). The juvenile is also entitled to notice and access to any report prepared in the case and may present testimony and cross-examine witnesses. Wis. Stat. § 938.18(3)(a) and (b).

¶ 26. If the petition for waiver of jurisdiction is contested, the district attorney presents testimony. Wis. Stat. § 938.18(4)(b).[12] After hearing the testimony and considering the evidence, the court must determine whether the case has prosecutive merit. Wis. Stat. § 938.18(4)(a). If it does, the court must then determine whether to waive jurisdiction. § 938.18(4)(b) and (c).

¶ 27. Wisconsin Stat. § 938.18(5) provides four criteria upon which the court must base its decision

---

[11] Juveniles who are at least 14 years old may be waived if they are alleged to have committed certain enumerated felonies, or under certain other circumstances. Wis. Stat. § 938.18(1)(a)1 and 2.

[12] If the petition for waiver is uncontested, the court must determine if the juvenile "knowingly, intelligently and voluntarily decided not to contest the waiver of jurisdiction." Wis. Stat. § 938.18(4)(c).

whether to waive jurisdiction. These criteria include the personality and prior record of the juvenile, the type and seriousness of the offense, the adequacy and suitability of facilities, services and procedures available within the juvenile system, and the desirability of consolidating the case with a pending proceeding of another person in criminal court.[13]

¶ 28. The statutory provision at issue in this case, subsection (6) of Wis. Stat. § 938.18, states:

(6) After considering the criteria under sub. (5), the

---

[13] Wisconsin Stat. § 938.18(5) reads in part:

(a) The personality and prior record of the juvenile, including whether the juvenile is mentally ill or developmentally disabled, whether the court has previously waived its jurisdiction over the juvenile, whether the juvenile has been previously convicted following a waiver of the court's jurisdiction or has been previously found delinquent, whether such conviction or delinquency involved the infliction of serious bodily injury, the juvenile's motives and attitudes, the juvenile's physical and mental maturity, the juvenile's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

(b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

(c) The adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system, and, where applicable, the mental health system and the suitability of the juvenile for placement in the serious juvenile offender program under s. 938.538 or the adult intensive sanctions program under s. 301.048.

(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in the court of criminal jurisdiction.

Wis. Stat. § 938.18(5)(a)–(d).

court shall state its finding with respect to the criteria on the record, and, if the court determines on the record that it is established by clear and convincing evidence that it would be contrary to the best interests of the juvenile or of the public to hear the case, *the court shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate proceedings in the court of criminal jurisdiction, and the court of criminal jurisdiction thereafter has exclusive jurisdiction.*

Wis. Stat. § 938.18(6) (emphasis added).

¶ 29. The parties disagree as to the meaning and effect of the italicized language in § 938.18(6). Vairin asserts that § 938.18(6) must be interpreted to allow a juvenile court to reconsider its own waiver order, if it is to be consistent with the legislative intent behind Chapter 938 of the Wisconsin Statutes, the Juvenile Justice Code (JJC).[14] He acknowledges that the statute transfers to the criminal court exclusive jurisdiction over the criminal matter, but he asserts that the statute allows the juvenile court to retain jurisdiction to reconsider its own waiver order for the 14–day period[15] for

[14] Wisconsin Stat. § 938.01(2) provides in part that:

(2) It is the intent of the legislature to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system which will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively.

[15] The parties both refer to a 10–day period for filing an interlocutory appeal under Wis. Stat. § 895.50. This reference was accurate under the 1999–2000 Statutes. However, the time limit has been changed from 10 to 14 days by order of the Supreme Court. S.Ct. Order 00–02, § 2 (April 30, 2001). We will therefore consider the parties' references to a 10–day time limit as if they were to a 14–day time limit.

appeals of non-final orders under Wis. Stat. § 809.50,[16] even if the criminal court has assumed exclusive jurisdiction.

¶ 30. The State argues that the plain language of Wis. Stat. § 938.18(6) means that:

> [O]nce a waiver order has been entered, and adult proceedings have begun, the juvenile court no longer has any jurisdiction whatsoever to take any further action on the case. As jurisdiction is necessary for the juvenile court to decide any issue in a case, the State asserts that this statute specifically prohibits reconsideration of a waiver decision as it removes all jurisdiction from the juvenile trial court once proceedings have been initiated in adult court.

It notes that allowing reconsideration after the filing of a complaint in criminal court would impermissibly result in two courts of equal power having concurrent and potentially conflicting jurisdiction.

¶ 31. We agree with the State's interpretation of the statute.[17] By using the words "the court shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate proceedings in

---

[16] Wisconsin Stat. § (Rule) 809.50, Appeal from judgment or order not appealable as of right, provides for appeal of non-final orders when a party shows that:

> [R]eview of the judgment or order immediately rather than on an appeal from the final judgment in the case or proceeding will materially advance the termination of the litigation or clarify further proceedings therein, protect a party from substantial or irreparable injury, or clarify an issue of general importance in the administration of justice.

Wis. Stat. § (Rule) 809.50(1)(c).

[17] The State asserted in oral argument that a juvenile court that enters a waiver order relinquishes jurisdiction whether or not criminal proceedings are commenced. For the reasons

the court of criminal jurisdiction, and the court of criminal jurisdiction thereafter has exclusive jurisdiction," Wis. Stat. § 938.18(6) clearly and unambiguously calls for a transfer of *exclusive* jurisdiction to the criminal court.

¶ 32. Vairin's contention that the juvenile court should be able to entertain a motion for reconsideration of its waiver order for 14 days, even after proceedings have been commenced in criminal court, is untenable. It would result in the juvenile court retaining jurisdiction after a second court, with equal jurisdiction, has assumed jurisdiction. This is impermissible. "In a case in which two courts are given concurrent jurisdiction over a particular subject matter, and one of such courts has assumed jurisdiction, it is reversible error for the other to also assume jurisdiction." *State ex rel. White v. District Court,* 262 Wis. 139, 143, 54 N.W.2d 189 (1952) (citing *Kusick v. Kusick,* 243 Wis. 135, 138, 9 N.W.2d 607 (1943), and *Cawker v. Dreutzer,* 197 Wis. 98, 129, 221 N.W. 401 (1928)).

¶ 33. We therefore conclude that *after* the state has filed a criminal complaint, and the criminal court has assumed jurisdiction, the juvenile court may not reconsider its waiver order so long as the criminal court retains jurisdiction. The juvenile may seek a stay of proceedings in order to file an interlocutory appeal during the 14–day-period for motions pursuant to Wis. Stat. § 809.50. However, after the criminal court has assumed jurisdiction, the juvenile must file the motion with the criminal court or the court of appeals.

stated in this opinion, we agree with the position of the State in its brief, not its position in oral argument.

¶ 34. The remaining issue with regard to § 938.18(6) is whether the juvenile court may reconsider its waiver order *before* the commencement of criminal proceedings.

¶ 35. We conclude that the juvenile court retains jurisdiction and may reconsider its own waiver order until a criminal complaint is filed. Wisconsin Stat. § 938.18(6) contemplates the juvenile court waiving jurisdiction and the criminal court assuming jurisdiction. As soon as the criminal court assumes jurisdiction, it assumes exclusive jurisdiction, and the juvenile court loses jurisdiction to reconsider its own waiver order. However, until the criminal complaint is filed, the juvenile court retains jurisdiction, and the problems of concurrent jurisdiction, or of one court dismissing an action that is before another court, are not presented.

¶ 36. The State asserts that reconsideration is unavailable in the context of waiver into adult court because Wis. Stat. § 806.07—"Relief from judgment or order"—applies only to civil actions, not to criminal or juvenile cases. There is some logic to the State's argument. After all, Chapter 806 of the Statutes is entitled "Civil Procedure—Judgment." However, in *H.N.T. v. State,* the court of appeals specifically stated:

> If newly discovered evidence existed on the question, the state's remedy was to seek relief from the order and request a new hearing. *See* sec. 806.07(1)(b), Stats. If the adult court ruling was obtained as a result of H.N.T.'s fraud, misrepresentation, or other misconduct, the state's remedy again was to seek relief from such order on these grounds. *See* sec. 806.07(1)(c).

*H.N.T. v. State,* 125 Wis. 2d 242, 252, 371 N.W.2d 395 (Ct. App. 1985) (emphasis added).

¶ 37. In any event, in *Fritsche v. Ford Motor Credit Co.*, 171 Wis. 2d 280, 294–95, 491 N.W.2d 119 (Ct. App. 1992), the court suggested that motions for reconsideration are "part of our common law." *See also* Wis. Stat. § 805.17(3).

¶ 38. The statutes provide avenues to reconsider issues in both civil and criminal cases. We doubt that the legislature intended to foreclose altogether the reconsideration of issues in the juvenile court. In the absence of a clear statutory prohibition, we conclude that juveniles and the state may offer appropriate motions for reconsideration in juvenile court.

¶ 39. The State also asserts that Wis. Stat. § 806.07 is inapplicable because the statute sets out times for filing that are different from those applicable to criminal cases, and because the statute uses terms such as "equitable" that are not related to criminal matters. The state acknowledges, however, that a waiver hearing under the JJC is not a criminal proceeding. Moreover, § 806.07(2) requires that a motion for relief under the statute be filed within a reasonable time. What constitutes a "reasonable time" is undefined by the statute and may differ depending on context. In the context of a motion for reconsideration of a waiver into adult court, we determine that a reasonable time is the time the criminal court assumes jurisdiction as the result of the filing of a criminal complaint.

B. Other Means of Appeal or Review

¶ 40. Having determined that a juvenile may ask the juvenile court to reconsider a waiver order, but only until the filing of a criminal complaint, we are left with

156

a second question: How may a juvenile obtain prompt review of a waiver into criminal court after the criminal court has assumed exclusive jurisdiction?

¶ 41. The parties agree that even after the criminal court has asserted exclusive jurisdiction, juveniles should have some means of raising new grounds—new factors—that might have affected the juvenile court's waiver decision. They do not agree, however, on what options a juvenile has after criminal proceedings have commenced.

¶ 42. We note initially two means of review that are *not* applicable after the criminal court assumes exclusive jurisdiction. First, the criminal court may not reconsider the juvenile court's decision to waive the juvenile into criminal court. As Chief Justice Dixon stated in 1868, "The impropriety, I might say the utter absurdity, of applying to one court to restrain, modify or correct the orders or decrees of another court of co-ordinate jurisdiction, is also apparent. I think it is wholly inadmissible to do so." *See H.N.T.*, 125 Wis. 2d at 252 (citing *Platto v. Deuster,* 22 Wis. 482, 484–85 (1868)).

¶ 43. Second, a criminal court that has assumed jurisdiction as the result of a waiver from juvenile court may not return the juvenile to juvenile court by reverse waiver, under Wis. Stat. § 938.183(1m)(b).

¶ 44. Keeping in mind the types of review a juvenile may not seek in challenging a waiver order, we turn to what means of review a juvenile may utilize.

¶ 45. First, the parties agree that a juvenile may pursue an interlocutory appeal pursuant to Wis. Stat.

§ 809.50, within 14 days of the waiver order. The juvenile may seek a stay of the juvenile court's waiver from the juvenile court to permit an interlocutory appeal *before* the juvenile court jurisdiction has transferred; and the juvenile may seek a stay of his or her case in criminal court to accommodate an appeal of the waiver order *after* the criminal court has assumed jurisdiction. Wis. Stat. § 808.07(2).[18] Nothing in the statute restricts the juvenile from filing an appeal under § 809.50 before or after the criminal court assumes jurisdiction, so long as the appeal is filed within 14 days after the issuance of the waiver order. Wis. Stat. § 809.50(1). Once the § 809.50 motion is filed, either the court of appeals or the circuit court with exclusive jurisdiction may grant a stay of proceedings pending appeal. *Id.*

¶ 46. Additionally, the juvenile may bring a direct appeal after conviction in criminal court.

¶ 47. The State asserts that a juvenile waived into adult court has only these two means of appealing the waiver—an interlocutory appeal or a direct appeal after conviction. The State argues that reconsideration of a waiver order is unnecessary because a waiver hearing consistent with Wis. Stat. § 938.18 affords a juvenile all

---

[18] Wisconsin Stat. § 808.07 provides in part:

(2) Authority of a court to grant relief pending appeal. (a) During the pendency of an appeal, a trial court or an appellate court may:

1. Stay execution or enforcement of a judgment or order;

2. Suspend, modify, restore or grant an injunction; or

3. Make any order appropriate to preserve the existing state of affairs or the effectiveness of the judgment subsequently to be entered.

the fundamental fairness to which he or she is entitled,[19] and an interlocutory or a direct appeal affords sufficient appellate review.

¶ 48. Vairin acknowledges that he could have pursued an interlocutory appeal and could later file a direct appeal if he is convicted of a crime, but he asserts that neither type of appeal offers him an adequate remedy. Vairin points out that he is not claiming ineffective assistance of counsel or that the juvenile court erroneously exercised its discretion. Rather he is claiming the existence of new grounds not considered by the juvenile court. He argues that an interlocutory appeal would not accommodate such a claim. In addition, Vairin contends that a direct appeal would not be practical because it occurs only after conviction, and because a waiver order cannot be appealed after a juvenile defendant pleads guilty pursuant to a plea bargain.

¶ 49. We agree with Vairin that in many cases, an interlocutory appeal or a direct appeal is simply not an adequate remedy.[20] We further conclude that in some cases, particularly in small counties, the requirement

---

[19] The State contends that even if this court were to accept Vairin's argument that he can seek reconsideration for 14 days after the waiver order, Vairin waived his right to seek reconsideration by not raising the issue of new evidence in his January 3, 2001 motion for reconsideration. The State also asserts that the potential for deportation is not properly considered in the context of a waiver hearing.

We decline to address either issue. We instead leave decisions on the factors to consider on a motion for reconsideration, and the merits of Vairin's claim, to the discretion of the circuit court.

[20] Although we agree with the concurrence that in appropriate cases, the court of appeals may grant permission to

that a juvenile appeal a waiver decision to the court of appeals is impractical. It is not difficult to imagine a judge in a single-judge county entering a waiver order as a juvenile court, and then, after assuming jurisdiction as a criminal court, learning of new evidence that would have changed his or her waiver decision. In such an instance, the judge might wish he or she could reconsider the waiver order, and transfer jurisdiction back to the juvenile court. Requiring an appeal to the court of appeals to afford a remedy would be absurd. Moreover, if 14 days had passed after waiver before new information came to light, the only remedy would be to wait for a direct appeal after the juvenile was convicted in criminal court. The appeal process embraced by the State would be unworkable in many cases.

¶ 50. We conclude that some meaningful remedy must be available when 14 days have passed since the waiver order, and a criminal complaint has been filed, but the juvenile wishes to raise new grounds not considered at the waiver hearing.

¶ 51. As we stated in *D.H. v. State,* 76 Wis. 2d 286, 292, 251 N.W.2d 196 (1977),[21] "The transfer of the juvenile to the adult criminal process is a grave step, and there should be a way for the juvenile to obtain immediate review of the decision."[22]

¶ 52. We further stated in *D.H.* that:

supplement the record, appellate review is usually time-consuming and an unusual way to evaluate new evidence.

[21] *D.H. v. State,* 76 Wis. 2d 286, 251 N.W.2d 196 (1977), has often been referred to as "*In Interest of D.H.*"

[22] The statutes at issue in *D.H.* have changed, but the rationale behind the need for meaningful, timely review has not.

Review in cases where the juvenile court has waived jurisdiction must be speedy and efficient. Legislation could establish the necessary procedures but it does not. "When an adequate remedy or forum does not exist to resolve disputes or provide due process, the courts, under the Wisconsin Constitution, can fashion an adequate remedy."

*Id.* at 294 (quoting *Hortonville Ed. Assn. v. Joint School Dist. No. 1,* 66 Wis. 2d 469, 497, 225 N.W.2d 658 (1975)).

¶ 53. Statutory authority already exists to transfer cases from criminal court to juvenile court, via reverse waiver. Wis. Stat. § 938.183(1m). Although the reverse waiver statute does not apply to this situation, it establishes that a reverse waiver concept is not unprecedented. Wisconsin Stat. § 938.18(7) is even more on point. Under this statute, a juvenile who has been waived to adult court after he or she absconded and failed to appear at the waiver hearing, may subsequently contest the waiver in criminal court. The juvenile may contest the waiver:

> by showing the court of criminal jurisdiction good cause for his or her failure to appear. If the criminal court finds good cause for the juvenile's failure to appear, it *shall transfer jurisdiction* to the court assigned to exercise jurisdiction under this chapter and ch. 48 for the purpose of holding the waiver hearing.

Wis. Stat. § 938.18(7) (emphasis added).

¶ 54. We think that if a juvenile has compelling new grounds bearing on waiver, he or she may file a motion with the criminal court asking the court to relinquish its jurisdiction by transferring the matter to juvenile court. As grounds for the motion, the juvenile must allege a new factor that:

(1) was not in existence at the time of the waiver decision or, if it was in existence, was unknowingly overlooked by all parties;[23]

(2) is highly relevant to the criteria for waiver under Wis. Stat. § 938.18(5); and

(3) likely would have affected the juvenile court's determination that it would be contrary to the best interests of the juvenile or of the public for the juvenile court to hear the case.

¶ 55. After reviewing the motion, the criminal court may, in its discretion, conduct a hearing. If the court finds good cause, it may relinquish jurisdiction by transferring jurisdiction to the juvenile court. The juvenile may then file a motion for reconsideration of the waiver order with the juvenile court, which will have regained exclusive jurisdiction to entertain the motion.

¶ 56. The procedure we have outlined should be regarded as extraordinary. It should be strictly limited to compelling new factors. Previously considered or cumulative evidence may not form the basis of such a motion.

### III. CONCLUSION

¶ 57. In summary, we conclude that the circuit court (juvenile court) in this case properly determined that it did not have jurisdiction to reconsider its waiver

---

[23] For a discussion of "new factors" in the context of sentence modification, see *State v. Hegwood,* 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983) (citing *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)).

order after a complaint was filed in criminal court. We therefore affirm the circuit court decision. We also conclude that a juvenile court has jurisdiction to reconsider its waiver order until a criminal complaint is filed and the criminal court assumes jurisdiction, but it has no jurisdiction after criminal proceedings have begun. Finally, we conclude that a juvenile has two options for obtaining prompt review of a waiver order after the commencement of criminal proceedings: the juvenile may, within 14 days of the waiver order, seek an interlocutory appeal pursuant to Wis. Stat. § 809.50; or the juvenile may file a motion asking the criminal court to relinquish jurisdiction, in accordance with this opinion.

*By the Court.*—The order of the circuit court is affirmed.

¶ 58. N. PATRICK CROOKS, J. *(concurring).* I agree with the majority's conclusion that the circuit court (the branch having juvenile court jurisdiction, hereinafter the "juvenile court") does not have jurisdiction to reconsider its waiver order after a complaint has been filed in the criminal court. Majority op. at ¶ 33. I further agree that the juvenile court may reconsider its waiver order *before* the commencement of criminal proceedings. Majority op. at ¶ 35. I write separately, however, because I cannot join the majority's judicially created remedy for review of the waiver order after the criminal court has assumed exclusive jurisdiction.

¶ 59. I respectfully disagree with the majority's judicially created additional means of seeking review of the juvenile court's waiver decision after the criminal

163

court assumes exclusive jurisdiction.[1] The majority concludes that in many cases interlocutory appeal and direct appeal, though available, are inadequate remedies, and consequently creates a new procedure that asks the criminal court to relinquish jurisdiction. Majority op. at ¶ 49. While I believe that there must be a remedy available, I respectfully disagree with this judicially created remedy, because the current remedies are adequate in this case. Furthermore, if another remedy is desired, it is most appropriately provided by the legislature or by following this court's rule-making procedures to amend the Criminal Procedure Code and/or the Juvenile Justice Code.

¶ 60. The majority concludes that interlocutory appeal and direct appeal are in some cases inadequate remedies for reviewing a juvenile court's waiver order. Majority op. at ¶ 49. Specifically, the majority points to a situation, such as here, where the juvenile claims that there is new evidence not considered at the waiver hearing. *Id.* I respectfully disagree with the majority's conclusion because the majority completely overlooks the court of appeals' power to reverse a circuit court's order not only for error, but also in the interest of justice.

---

[1] The majority opinion is inconsistent. At paragraph 6, the majority concludes "that a juvenile seeking prompt review of a waiver order, after the criminal court has assumed jurisdiction, has two options" one of which is interlocutory appeal. Later, however, the majority concludes that it must create an additional remedy because interlocutory appeal is not meaningful.

¶ 61. Wisconsin Stat. § 752.35[2] explicitly gives the court of appeals authority to examine the record and in the interest of justice, reverse the order appealed from, regardless of whether the proper motion or objection appears in the record. *See State v. Murdock,* 2000 WI App 170, ¶ 40, 238 Wis. 2d 301, 617 N.W.2d 175 (granting a new trial in the interest of justice on the issue of mental responsibility). Section 752.35 certainly applies on interlocutory or direct appeal of a juvenile court's waiver decision. In the interest of justice, therefore, the court of appeals may, in my opinion, consider the proposed new evidence and decide if there is a substantial probability that the new factor would produce a different result. *See Murdock,* 2000 WI App 170, ¶ 31 (citing *State v. Darcy N.K.,* 218 Wis. 2d 640, 667, 581 N.W.2d 567 (Ct. App. 1998)); *see also Vollmer v. Luety,* 156 Wis. 2d 1, 16, 456 N.W.2d 797 (1990) (citing *State v. Wyss,* 124 Wis. 2d 681, 370 N.W.2d 745 (1985), and discussing the court of appeals' discretionary reversal power). If so, the court of appeals has authority to reverse the juvenile court's waiver decision or remit the case to the juvenile court for entry of the proper order. *See* § 752.35. Based on the court of appeals' statutory power to reverse the juvenile court's waiver decision in the interest of justice, therefore, I conclude that the

---

[2] Wisconsin Stat. § 752.35 states in full:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

majority's judicially created remedy is unnecessary.[3] Interlocutory appeal and direct appeal appear to be adequate remedies for review of the juvenile court's waiver decision.

¶ 62. Assuming that I were to agree with the majority, however, I would still take the position that an opinion by this court is not the proper avenue to create a new procedure for review of a juvenile court's waiver decision. This is a remedy properly provided either by

---

[3] I further disagree with the majority's judicially created remedy because it reminds me of judicial review by a court of co-equal jurisdiction. *See State v. Schroeder*, 224 Wis. 2d 706, 721, 593 N.W.2d 76 (Ct. App. 1999) (noting that after court reorganization the term "juvenile court" means the circuit court adjudicating a case under the juvenile code). Prior to the 1977 constitutional amendment restructuring the Wisconsin Court System, the legislature had authority to establish courts of limited jurisdiction inferior to circuit courts. The constitutional amendment created the intermediate court of appeals and eliminated the distinction between county and circuit courts. *See Dane County v. C.M.B.*, 165 Wis. 2d 703, 711, 478 N.W.2d 385 (1992). The majority's new procedure here seems contrary to the current structure of the court system, because it essentially creates review of the juvenile court's decision in the criminal court.

Furthermore, although the majority discusses the impact of requiring a juvenile to appeal a waiver decision in a single-judge county, *see* majority op. ¶ 49, the majority ignores the practical effect of its new remedy in that same situation. In a single-judge county, the judge acting as the criminal court judge will, himself or herself, consider new factors. Then, based on review of the new factors, the judge will grant or deny the motion. The practical impact is that the majority's procedure asks the judge, acting in the criminal court, to relinquish jurisdiction to himself or herself, acting in the juvenile court.

legislative enactment or by following this court's established rule-making procedures.

¶ 63. The legislature enacted Wis. Stat. ch. 938. If a new remedy in that chapter is desired, therefore, the legislature most appropriately should provide it. The majority opinion acknowledges that the legislature enacted a statutory procedure for reverse waiver, *see* Wis. Stat. § 938.183, and a statutory procedure for a waiver hearing when a juvenile has absconded, *see* § 938.18(7). Majority op. at ¶ 53. Significantly and correctly, the majority then notes that neither statute applies here. Still, however, the majority uses those statutes to create a new remedy because "a reverse waiver concept is not unprecedented." Majority op. at ¶ 53. Essentially the majority creates a new procedure out of whole cloth, and attempts to justify it by analogy to other legislatively enacted statutory remedies that do not apply.

¶ 64. I cannot join such reasoning. The majority plainly ignores that the legislature is the proper branch of government to enact statutes. This is evidenced by the fact that the majority opinion seems to me to be more like a statutory enactment rather than a judicial decision. As demonstrated by Wis. Stat. § 938.183 and § 938.18(7), the legislature has provided for remedies other than interlocutory and direct appeal in certain situations. Tellingly, however, the legislature has not provided for a remedy, other than interlocutory and direct appeal, in the situation we are faced with today.

¶ 65. Moreover, if this court feels that it must provide an additional procedural remedy, a judicial opinion is not the appropriate way to do so. *See Nelson v. Travelers Ins. Co.,* 102 Wis. 2d 159, 173, 306 N.W.2d 71 (1981) ("If the court claims the power to amend the statute as a rule of practice and procedure, case law is not the way to do it.") (Coffey, J., dissenting). Pursuant

167

to Wis. Stat. § 751.12[4] and this court's Internal Operating Procedures, the proper avenue to create or amend rules governing procedure in judicial proceedings, such as the one under review, is through a petition and public hearing. The majority's decision today clearly amends Chapter 938 and the judicial procedure for review of a juvenile court's waiver decision. This kind of significant amendment to juvenile court and criminal court procedure should, if not addressed by the legislature, appropriately be the subject of a rules petition, and not enacted by judicial fiat. Consistent with established procedures, we should hold a public hearing and engage in open discussion about the proposed amendment. Wis. S. Ct. IOP (May 24, 1984). We should engage in informed, open discussion regarding whether there should be a remedy other than interlocutory appeal and direct appeal, and if so, then adopt the new remedy for reviewing the waiver decision, in accord with § 751.12 and our Internal Operating Procedures. At the same time, we should address whether there is a need for a

---

[4] Wisconsin Stat. § 751.12 states in relevant part:

The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and *procedure* in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. The rules shall not abridge, enlarge or modify the substantive rights of any litigant. . . . *All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated under this section. No rule modifying or suspending such statutes may be adopted until the court has held a public hearing with reference to the rule.* . . . This section shall not abridge the right of the legislature to enact, modify or repeal statutes or rules relating to pleading, practice or procedure. The judicial council shall act in an advisory capacity to assist the court in performing its duties under this section.

(Emphasis added.)

procedural rule, in future cases, for supplementing the record to include the new evidence offered.[5] By creating an avenue of judicial review here that asks the criminal court to relinquish jurisdiction to the juvenile court, the majority seems to be ignoring established rule-making procedures; consequently, I cannot join that portion of the opinion.

¶ 66. In conclusion, I agree with the majority's holding that the juvenile court may reconsider its waiver order before commencement of proceedings in the criminal court. I cannot join the majority's opinion in its entirety, however, because I object to the creation of a new remedy, such as the one here, by judicial fiat. Whether to provide an additional remedy is a policy choice most appropriately left to the legislature, or to this court, but only by following established procedures involving a petition and public hearing. Moreover, I conclude that interlocutory appeal and direct appeal are adequate remedies for review of the juvenile court's waiver decision. Even where the juvenile is claiming significant new evidence, the court of appeals may consider that claim, and decide if there is a substantial probability of a different result. If so, the court of appeals can reverse the juvenile court's waiver order in the interest of justice. For the reasons stated, therefore, I respectfully concur.

¶ 67. I am authorized to state that Justices JON P. WILCOX and DIANE S. SYKES have joined this concurrence.

---

[5] Supplementing the record is not an issue here because the juvenile court, the Honorable Diane M. Nicks, presiding, addressed the proposed new evidence in this case in the context of the motion to reconsider.