# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1642-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021JV436

**IN COURT OF APPEALS
DISTRICT I**

IN THE INTEREST OF O.G., A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

   V.

O.G.,

      RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: DENNIS R. CIMPL, Judge. *Affirmed.*

¶1      DONALD, P.J.[1]  O.G. appeals a juvenile court order waiving him into adult court.  He contends, for reasons outside the record, that the juvenile court was objectively biased.  For the reasons set forth below, we affirm the order.

¶2      On May 25, 2021, the State filed a juvenile delinquency petition charging O.G. with nine counts of armed robbery, two counts of attempted armed robbery, and two counts of operating a motor vehicle without the owner's consent, all as a party to a crime.  In addition, O.G. was charged with one count each of discharging a firearm within 100 yards of a building, first-degree recklessly endangering safety, operating a motor vehicle without the owner's consent, possession of a dangerous weapon by a person under the age of eighteen, and obstructing an officer.  The following day, on May 26, 2021, the State filed a petition for waiver of juvenile court jurisdiction.

¶3      On September 8, 2021, a waiver hearing took place.  After the completion of testimony and the State's argument, O.G.'s counsel was called to appear in another courtroom.  The court took a break.  After O.G.'s counsel returned, she made her argument.  The court ruled that O.G. should be waived to adult court.  O.G. filed an interlocutory appeal, which this court granted.

¶4      On appeal, O.G. contends that the juvenile court was objectively biased and requests a new waiver hearing with a new judge.  In support, O.G. submits three affidavits in his appendix.  The affidavits allege that, during the break, the judge received a phone call about a different child's case and became upset over that child.  The judge then started swearing and made comments about

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

2

being "so done" and that he "can't wait to get out of here and out of the juvenile system." In addition, when O.G.'s counsel returned and the waiver hearing resumed, the judge allegedly had a noticeable change in demeanor.

¶5 The State responds that O.G. failed to properly preserve his argument for appeal because he did not make a contemporaneous objection or file a motion for reconsideration after the waiver hearing. The State contends that a motion was required to get the affidavits into the record and to allow the juvenile court an opportunity to make credibility determinations and findings of fact and correct any potential error.

¶6 In reply, O.G. alleges that counsel was not aware of what occurred during the break until after the hearing, thus, it was not possible to make a contemporaneous objection. O.G. also argues that a juvenile is not limited to the record for purposes of an interlocutory appeal.

¶7 We conclude that the record is not sufficiently developed for us to determine whether the judge was objectively biased in this case. As the State observes, the affidavits in the appendix are not in the record. *See* WIS. STAT. RULE 809.15(1)(a). On appeal, we may not consider documents outside the record. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, an appendix may not be used to supplement the record. *See Reznichek v. Grall*, 150 Wis. 2d 752, 754 n.1, 442 N.W.2d 545 (Ct. App. 1989). It is the appellant's responsibility to ensure that the record is complete. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993).

¶8 O.G. asserts that a juvenile is not limited to the record for the purposes of an interlocutory appeal. O.G. overlooks, however, that "[i]f the court

grants leave to appeal, the procedures for appeals from final judgments are applicable to further proceedings in the appeal." WIS. STAT. RULE § 809.50(3).

¶9    Therefore, because O.G.'s entire argument in this case is based on information not in the record, we conclude that O.G.'s argument is not sufficiently developed to permit us to resolve whether the juvenile court was biased. *See Pettit*, 171 Wis. 2d at 646-47. Accordingly, we affirm the juvenile court's order. We note, however, that nothing in our decision today addresses whether O.G. may now file a motion with the supporting affidavits in the appropriate court. *See State v. Vairin M.*, 2002 WI 96, 255 Wis. 2d 137, 647 N.W.2d 208.[2]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] In *State v. Vairin M.*, our supreme court held that a juvenile may file a motion for reconsideration of a waiver order in the juvenile court until a criminal complaint is filed. *Id.*, 2002 WI 96, ¶¶35-39, 255 Wis. 2d 137, 647 N.W.2d 208. If a criminal complaint has been filed, a juvenile with "compelling new grounds" may file a motion with the adult court. *Id.*, ¶¶54-55.