# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 25, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP954**

STATE OF WISCONSIN

Cir. Ct. No. 2022SC21909

IN COURT OF APPEALS
DISTRICT I

---

ANNIE MAE WRIGHT MILLSAPP,

PLAINTIFF-APPELLANT,

V.

MILWAUKEE HOUSING AUTHORITY,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Affirmed.*

¶1    COLÓN, J.[1]  Annie Mae Wright Millsapp, *pro se*, appeals from an order of the circuit court dismissing her small claims action with prejudice.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2    On August 24, 2022, Millsapp filed this small claims action against the Milwaukee Housing Authority (MHA), alleging inadequate housing conditions and seeking back rent and rent abatement.  She failed to properly serve the summons and complaint on MHA, and the case was adjourned.  Millsapp subsequently filed an amended summons and complaint with the same allegations.

¶3    On March 16, 2023, the court commissioner held a contested evidentiary hearing, at which Millsapp appeared and testified.  The court commissioner rendered an oral ruling for MHA.  At that time, the court commissioner informed Millsapp that she would have to file and mail to MHA any appeal of the court commissioner's decision by March 27, 2023, otherwise the court commissioner's ruling would become final as of March 28, 2023.  *See* WIS. STAT. § 799.207(3)(c).  Millsapp was further provided written instructions at the hearing stating in large print, "If no party demands a trial by jury, the right to trial by jury is waived forever."  *See* § 799.207(3)(b).

¶4    Millsapp filed a demand for trial and a jury demand on March 30, 2023.  MHA filed a motion to dismiss and argued that Millsapp failed to timely file her demand, resulted in a lack of jurisdiction.  The circuit court agreed and

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

dismissed Millsapp's case with prejudice for a lack of jurisdiction. The circuit court entered an order to that effect on May 11, 2023, stating:

> Court Commissioner Rosa Barillas issued an oral ruling dismissing in full the Plaintiff's underlying action against the Defendant on March 16, 2023. The deadline for the Plaintiff to both file and serve upon Defendant a written objection of the oral ruling and demand for trial was March 27, 2023. The Plaintiff was informed of this deadline and it was provided in the Appeal Instructions, which were provided to the Defendant by the Court Commissioner. The Plaintiff's demand for trial and jury demand were signed by the Plaintiff and file stamped by the Clerk of Courts on March 30, 2023.
>
> Due to Plaintiff's untimely filing of the demand for trial and jury demand, this Court lacks jurisdiction to hear her appeal from the Small Claims Court.

¶5      Millsapp appeals.

## DISCUSSION

¶6      The procedure for Millsapp's small claims action is governed by WIS. STAT. ch. 799. *See* WIS. STAT. § 799.01(1)(d). Pursuant to the procedure for a small claims action, an oral decision from a circuit court commissioner "shall become a judgment [eleven] days after rendering[.]" WIS. STAT. § 799.207(2). However, a party "may file a demand for trial within [ten] days from the date of an oral decision … to prevent the entry of judgment." Sec. 799.207(2)(b). "If no party demands a trial by jury, the right to trial by jury is waived forever." WIS. STAT. § 799.21(3)(a), (b). The scope of judicial authority and jurisdiction over a small claims matter presents a question of law that we review *de novo*. *See **Dane County v. C.M.B.***, 165 Wis. 2d 703, 707, 478 N.W.2d 385 (1992).

¶7      In this case, Millsapp filed her demand for a trial and her demand for a jury on March 30, 2023, fourteen days after the court commissioner's oral ruling.

The deadline to file, however, was clearly communicated to Millsapp as March 27, 2023.[2]  As a result, the court commissioner's oral ruling from March 16, 2023, became the final judgment on March 28, 2023, and the circuit court correctly found that it lost the ability to proceed in this matter as a result of Millsapp's late filing.  "Absent a timely demand, the commissioner's decision becomes final and the opportunity for a new trial before the circuit court is lost."  *Team Prop. Mgmt., LLC v. Reiss*, No. 2016AP2163, unpublished slip op. ¶2 (WI App May 24, 2017).[3]  Moreover, the statutory procedure for a small claims action such as this plainly states that a failure to timely file a demand for a jury trial results in a waiver of that right "forever."  WIS. STAT. § 799.21(3)(a), (b).

¶8      Consequently, we affirm the circuit court's order dismissing Millsapp's case with prejudice.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] We note that, even as a *pro se* litigant, Millsapp "must satisfy all procedural requirements" and "neither a trial court nor a reviewing court has a duty to walk *pro se* litigants through the procedural requirements."  *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).

[3] *See* WIS. STAT. RULE 809.23(3)(b) (stating that an opinion authored by one judge may be cited for persuasive value).